Donald DeKay, otherwise known as Daniel DeKay, a Minor, by F. A. DeKay, his next friend, Plaintiff, v. John F. Oliver, as Judge of the District Court of Iowa, Fourth Judicial District, Defendant.

Infants: PROSECUTION: JUVENILE COURT. A boy over sixteen years of age is not subject to the provisions of the Juvenile Court Act.

Same: JURISDICTION: DESIGNATION OF COURT. Where a minor between the ages of ten and eighteen years has been convicted in police court of a crime less than murder, the district court has jurisdiction to determine whether he shall be committed to the Industrial School; and the fact that the proceeding was named as being in the juvenile court rather than in the district court would not affect the question of jurisdiction, as the juvenile court is not a separate tribunal, and the designation was a matter of description rather than of jurisdiction.

Same: NOTICE: WAIVER. Failure to serve notice upon the parents of the minor of the proceeding in the district court would not invalidate the order committing him to the industrial school, where both parents appeared with the minor and were present at the hearing.

Same: JURISDICTION: DOUBLE PROSECUTION. The fact that the police court upon conviction of the minor proceeded to impose sentence, rather than to immediately transfer the case to the district court for a hearing as to commitment to the industrial school, did not deprive the district court of jurisdiction to order his commitment; nor did it amount to a second prosecution for the same offense.

Certiorari from Woodbury District Court.

THURSDAY, OCTOBER 23, 1913.

To INQUIRE into the legality of an order and judgment of defendant, who, as Judge of the District Court of the Fourth Judicial District, committed petitioner, Donald DeKay, to

the State Industrial School, this writ of certiorari is brought.
—*Dismissed.*

 *Edwin J. Stason,* for plaintiff.

C. N. *Jepson,* County Attorney, and C. R. *Jones,* Assistant County Attorney, for defendant.

Withrow, J.—I. From the petition for writ of certiorari and its return, we gather the following facts: The plaintiff, Donald DeKay, otherwise known as Daniel DeKay, was born October 17, 1894, and is a resident of Woodbury county, Iowa. On the 2d day of August, 1912, on his plea of guilty of larceny, he was sentenced by the judge of the police court of Sioux City to pay a fine, and in default of payment to imprisonment. Following such conviction, information was filed by the probation officer against this petitioner, entitled "In the Juvenile Court of Iowa, in and for Woodbury County," setting out the fact of his conviction in the police court, and praying that he be committed to the industrial school for boys at Eldora. Upon the filing of such information with a transcript of the proceedings in the police court, and on the same day, September 23, 1912, the defendant, as presiding judge of the district court of Woodbury county, then in regular session, took jurisdiction of the complaint, and after hearing committed the petitioner to the industrial school as prayed.

II. The questions raised by the petitioner are: First. That the defendant, sitting as a juvenile court, and proceeding under chapter 5B (sections 254-a13—254-a30), Code Supplement, was without jurisdiction to commit the petitioner because he was at the time over sixteen years of age. Second. If it be contended that the presiding judge proceeded under Code, sections 2708, 2709, and committed the petitioner under the general law governing commitments to industrial schools, such proceeding was without jurisdiction because the

required petition was not filed. The precise point made is that the informant did not "have knowledge of a child in his county who appears to be delinquent," for his knowledge was only of a boy who had been convicted of the crime of larceny, and sentenced to pay the penalty. It also is claimed that the court was without jurisdiction because no summons was issued to the parents of the minor, and also that after sentence in the police court the district court had not the right to commit him to Eldora.

III. The law creating what is generally known as the juvenile court, and which clothes the district court with original and full jurisdiction to determine all cases coming within the purview of the act, which jurisdiction is by chapter 13, Acts 33d General Assembly, extended to superior courts, limits inquiry and judgment to the cases of children under the age of sixteen years. Code Supplement, section 254-a14. Its general purpose is more comprehensive than the law relating to commitment to the industrial schools, in that the juvenile court act is intended to cover not only the cases of delinquent or criminal children, but also to give to the courts in which such matters are triable jurisdiction over dependent or neglected children, with power to make such provision for their government and care as may seem necessary and just. The petitioner in this case having been over the age of sixteen years at the time of his commitment, it follows that he was not within the provisions of the juvenile court law.

1. INFANTS: prosecution: juvenile court.

IV. The district court of Woodbury county, over which the defendant in this proceeding, the trial judge, was at the time presiding, had jurisdiction to hear and determine whether a boy between the ages of ten and eighteen years who had been convicted of crime in an inferior court should be committed to the industrial school. Code, section 2708, as amended by chapter 136, 34th General Assembly. That section provides that, when such a minor shall be found guilty in a court of

2. SAME: jurisdiction: designation of court.

record of any crime excepting murder, the court may, instead of entering judgment, direct the party to be sent to the industrial school. If such a minor be convicted of crime before any inferior court, such person may be forthwith sent by the court, accompanied by all the papers filed in the lower court, with an officer, to a judge of a court of record.

We have, then, the inquiry whether, given a case which, considered generally, is within the full jurisdiction of the district court, and which is heard and determined by the district court, but when the proceedings are named as being in the juvenile court, but are outside the class provided for by the juvenile court act, is the order of commitment so entered void for want of jurisdiction? An examination of the several statutes relating to proceedings under the juvenile court act shows that no new tribunal was created by the Legislature. Orginally the full and exclusive jurisdiction was given to the district court, which later by amendment was extended to the superior court. Nowhere does the statute provide for a juvenile court as an independent tribunal; the only provision being that record of proceedings in the district court or the superior court, under what is termed the juvenile court act, shall be kept in a book or books to be known as the Juvenile Court Record. Even though the information in the present case and the warrant of commitment both are headed, "In the Juvenile Court of Iowa, in and for Woodbury County," and the return of the defendant to the writ of certiorari refers to the proceedings as having been in the juvenile court presided over by himself, as judge of the district court, such words can only be construed as terms of description and not of jurisdiction. The records of the proceedings, in whatever book they may be preserved, are records of the district court. This case is readily distinguishable from *Cooper v. Sunderland*, 3 Iowa, 114, cited by plaintiff, which considers the question of a judgment of the probate court a distinct branch of our judicial system. We conclude that the jurisdiction of the district court attached upon the filing of

the complaint in the present case, and that it had the power to enter the order of commitment of which plaintiff complains, and that it is a valid order, even though designated as a proceeding in the juvenile court, unless for other reasons urged by plaintiff in this action it is erroneous or void. These further objections we will now notice.

V. Among the requirements of the statute is that which, upon the transcript or complaint being filed with the judge or court, directs notice to issue to the parents or guardian of the minor, stating the time and place of hearing. The record does not show that such was done in the present case; but it does show that the minor was brought into court, accompanied by his father and mother, and that both of them, especially the father, then and there stated that they were solicitous that proper steps may be taken by the court to check the waywardness and incorrigibility of the son, "the father insisting that it would be for the best interests and welfare of the boy if he was committed to the industrial school." The object of notice is to give to the court jurisdiction of parties entitled to be heard, and to afford to them opportunity to present their cause. Appearance of necessary parties without notice meets every purpose sought to be accomplished by notice. The record in this case is such that, were we to hold that the proceeding was void for want of notice to the parents, we would overthrow rules and principles so well settled that they are not a fair subject for legal discussion.

3. Same: notice: waiver.

VI. It is urged by plaintiff in error that, even though it be held that the proceedings were within the jurisdiction of the district court, it had not the right to act in this case, for the reason that the record of the police court shows a conviction and sentence; that the statute requires that upon conviction the defendant may "forthwith" be sent by the court, accompanied by the papers in the case, to a judge of a court of record. Plaintiff claims that, in failing to forthwith transmit the papers

4. Same: jurisdiction: double prosecution.

and send him before a judge after conviction, and in retaining the case to pass sentence upon the conviction, and in thereafter sending the record to the district court, where order was made committing him to the industrial school, he was tried twice for the same offense, and that his constitutional rights were violated. When it appears, as in the present case, that the court of record to which a transcript of the proceedings in the lower court was sent took jurisdiction of the cause, the situation was then that of the entire cause being up for review, and although not strictly an appellate proceeding, the purpose of such review was to determine what action should be taken upon the judgment of conviction. The cause having been thus transferred, the effect of such action was to render the judgment imposing a fine and alternative imprisonment of no effect. While the police magistrate was not obliged to impose a sentence, the fact that he did so did not deprive the district court of jurisdiction to hear the case, nor did it invade any constitutional rights of plaintiff in error. In the final judgment and order of the district court was merged the previous finding and judgment, and the fine imposed was without legal effect.

We discover no error in the proceedings of the trial court which warrants a reversal of its judgment, and plaintiff's writ of certiorari is *Dismissed.*

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concur.