STATE ex rel. KRONSCHNABEL, Respondent, v. ISENHUTH et al. (Isenhuth, Appellant).

(148 N. W. 9.)

1.   **Appeal—Sufficiency of Evidence—Review—Record, Necessity of Incorporating Evidence.**
    Where the record on appeal contains none of the evidence, the question of insufficiency of evidence is not reviewable.

2.   **New Trial—Newly Discovered Evidence—Record—Uncertainty of —Review.**
    A denial of a new trial for newly discovered evidence will not be disturbed on appeal, where the record does not contain the evidence adduced on trial, and no affidavit of defendant appearing, his counsel's affidavit leaving it uncertain as to what evidence was newly discovered, and defendant's want of previous knowledge being negatived only by the affidavit.

3.   **Constitutional Law—Statutes—Validity—Title—Re-enactment.**
    Pol. Code, Secs. 3205-3214, relating to homes for dependent children, is not invalid because of an alleged defect in the title to Laws 1901, Ch. 71, of which said sections are a re-enactment, no claim being made that the title of the chapter containing the re-enactment is defective.

4.   **Constitutional Law—Courts—Jurisdiction—County Court—Probate Code—Guardianship—Legislative Definition and Limitation.**
    Const. Art. 5, Sec. 20, conferring upon county courts "original jurisdiction of all matters of * * guardianship, * * * " is sufficiently defined and limited by the provisions of the territorial Probate Code in force when the Constitution was adopted, as regards guardians; and, held, that, the jurisdiction thus conferred, containing no further constitutional

definition or limitation, is subject to legislative definition and limitation.

5. **Guardian and Ward—Home for Destitute Children—Statutes—Repeal.**

Laws 1909, Ch. 298, Sec. 1, declaring that "dependent" and "neglected" children are those within Pol. Code, Ch. 28, Secs. 3205-3214, relating to their surrender to certain incorporated societies as homes, and that the proceedings for the care of "dependent" children shall be in accordance therewith, in effect repealed Prob. Code, Sec. 428-435, concerning appointment of guardians for destitute and abandoned children, but leaves operative Ch. 28, which contains no guardianship provision; and the authority of county courts to appoint guardians for such children no longer exists.

6. **Constitutional Law—Infants—Dependent, Neglected, and Delinquent Children—Police Power—Statutes.**

Political Code, Secs. 3205-3214, concerning surrender of dependent and neglected children to certain incorporated societies, and Laws 1909, Ch. 298, concerning care of delinquent children as the state's wards, and establishing a juvenile court, constitute valid exercise of the state's police power.

7. **Constitutional Law—Dependent, Neglected, and Delinquent Children—Jurisdiction—Circuit, County, Courts.**

The provisions of Pol. Code, Secs. 3205-3214, concerning surrender of dependent and neglected children to incorporated societies to find homes for them, as well as Laws 1909, Ch. 298, concerning care of delinquent children as the state's wards, held, not to be within the purview of that jurisdiction designated as "guardianship," which is vested in the county courts by Const., Art. 5, Sec. 20.

8. **Same—Dependent and Neglected Children—Jurisdiction—Circuit Courts.**

Const. Art. 5, Sec. 14, giving circuit courts jurisdiction of all actions at law or in equity, vests in them all judicial power not exclusively vested in some other court; and Pol. Code, Secs. 3205-3214, providing for surrender of dependent and neglected children to incorporated societies, to provide homes for them, is a valid exercise of legislative power, vesting jurisdiction in circuit courts for those purposes.

WHITING, and McCOY, JJ., concurring in result.

(Opinion filed June 29, 1914.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Information by the State, on the relation of Frank C. Kronschnabel, against John Isenhuth and another, for the removal of

the other defendant, Celeste Isenhuth, from his custody and her surrender to an incorporated society for securing homes for destitute children. From a judgment for plaintiff, and from an order refusing to grant a rehearing, the defendant Kronschnabel appeals. Affirmed.

*William Issenhuth,* for Appellant.

No appearance for Respondent.

(3) Under point three of the opinion, Appellant submitted: That the object of Ch. 71, Laws 1901, is not expressed in its title, and its provisions are not germane to the subject. And cited:

Pringle v. Canfield, 19 S. D. 506, 104 N. W. 223; 36 Cyc. 1068 and citations; 26 Am. & Eng. Enc. of Law (2nd Ed. 758); 23 Am. & Eng. Enc. of Law (1st Ed.) 235; State v. Cotton, 128 La. 749, 55 So. 342; State v. Power, 128 La. 752, 55 So. 343.

(4) Under point four of the opinion, Appellant cited:

Smith v. Young, 136 Mo. App. 65, 117 S. W. 628; Sec. 147, Civil Code; Sub. 11, Sec. 25, Probate Code; Chapter 182, Session Laws 1909.

(5) Under point five of the opinion, Appellant cited:

Pl. & Prac. p. 147, note 1; Sec. 750 of the Civil Code.

SMITH, P. J. An information was filed by one Kronschnabel, in the Circuit Court of Beadle County, alleging that one Celeste Issenhuth, aged about 11 years, was an adopted daughter of one John Issenhuth, and in his custody; that the said Issenhuth, by his acts, example and vicious training, was depraving the morals of said female child, and further alleging specific immoral acts which need not be stated here. Petitioners pray for an order of the court that the sheriff or other officer take immediate charge of Celeste Issenhuth, and retain her in custody, subject to the order and direction of the court, until the hearing and determination of the petition. A citation addressed to John Issenhuth and Celeste Issenhuth was thereupon issued, requiring them to show cause why an order should not be made by the court, removing Celeste Issenhuth from the custody, and a final order that Celeste Issenhuth be surrendered to a society incorporated for the purpose of securing homes for dependent children. The citation was returnable August 10, 1912. On the return day, John Issenhuth appeared and demurred to the petition and citation, on the grounds, first: that the court has no jurisdiction of the person of the defendant, or the

subject matter of the action; second: that there is a defect of parties defendant; third; that the petition does not state facts sufficient to constitute a cause of action. The demurrer was overruled and an exception entered. Issenhuth then filed an answer alleging, first: that the act under which the proceedings were brought, is unconstitutional because of a defective title; 2nd: that the act is void because it attempts to confer jurisdiction in matters of guardianship on the Circuit Court of this state, which by the constitution is vested in the county courts; third: because it violates the 14th amendment of the constitution of the United States. The answer also contained a general denial of the allegations of the petition. Issue being joined, the defendant demanded a jury trial, which was conceded by the trial court, and the further hearing adjourned for that purpose. Thereafter, upon a mandate issued by this court, the Circuit Court of Beadle County was required to proceed to hear and determine said matter without the intervention of a jury. State ex rel. v. Taylor, 30 S. D. 304, 138 N. W. 373. The case was heard before Hon. Alva E. Taylor, Judge of the Circuit Court, on Dec. 13, 1912. Numerous witnesses were examined by the parties, and appellant assigns as error certain rulings of the trial court, on matters of evidence, all of which we have examined. We are satisfied that none of these rulings prejudiced appellant's substantial rights, and none of them are of sufficient importance to require discussion. At the conclusion of the hearing, the court entered its decision that it had jurisdiction of the parties and the subject matter of the proceeding; that Celeste Issenhuth is a female child, ten years of age; that prior to the commencement of said proceeding, she was in the custody of John Issenhuth, and is his child by adoption; and the court further finds and adjudges that it is for the best interest of said child that she be removed from the custody and control of the defendant John Issenhuth. The court thereupon entered an order or judgment that Celeste Issenhuth be surrendered to the South Dakota Children's Home Society, an institution incorporated under the laws of the state of South Dakota, for the purpose of securing homes for destitute children.

[1] Thereafter, on May 24, 1913, appellant filed a notice and motion for a rehearing of said proceeding, before the Circuit Court of Beadle county, demanding that the foregoing order be vacated

and set aside, and alleging various grounds therefor, among which is unconstitutionality of the statute, under which such proceedings were had; newly discovered evidence, and insufficiency of the evidence to sustain the finding of the trial court. The record before us does not even purport to contain any of the evidence upon which the finding of the trial court was based, and for that reason, the question of insufficiency of evidence is not before us on this appeal.

[2] Accompanying the motion for rehearing, are affidavits purporting to be statements of various persons, some of whom are residents and others non-residents of this state, alleged to constitute newly discovered evidence, together with an affidavit of Wm. Issenhuth, covering ten pages of the printed record, made as attorney for John Issenhuth. This affidavit alleges, "that since the hearing before Judge Taylor * * * considerable new evidence has been discovered material to said cause, all of which neither said defendant nor any of his attorneys was aware of, at the time of said hearing." This statement is followed by a long and intricate account of proceedings had at the hearing before Judge Taylor, excerpts from the testimony of certain witnesses; investigations of Wm. Issenhuth, as to the antecedent history of Celeste Issenhuth, formerly McGaugh, and other matters. From this affidavit it is absolutely impossible to determine what counsel claims to be newly discovered evidence. The evidence heard before Judge Taylor is not in the record. No affidavit by John Issenhuth himself, appears, and his knowledge of the matters recited, is negatived only by the statement of his counsel. In the record which purports to be an application for a rehearing, nothing whatever is made to appear which would have justified the trial court in granting a rehearing, even if it be conceded that the trial court had authority to grant such rehearing. Upon that question, we therefore find it unnecessary to express any opinion whatever. The application was denied by the trial court,- and we think properly. The notice of appeal is from the order of the court issued Dec. 20, 1912, removing Celeste Issenhuth from appellant's custody, and committing her to the children's home, and from the order of June 18, 1913, denying the motion for rehearing. It is recited in the record that counsel for appellant and respondent have stipulated that a single appeal might be taken upon which both rulings might be reviewed

by this court, and that respondent should raise no question as to a double appeal. We do not recognize the authority of counsel to make any such stipulation, but as the appeal from the second order requires no further consideration, we shall not discuss the matter of the stipulation at greater length. The appeal from the order and judgment of Dec. 20, 1912, standing alone, presents but a single question, and that is as to jurisdiction or authority of the circuit court, to entertain the proceeding, and enter the judgment and order complained of.

Appellant's contention that the Circuit Court was without jurisdiction, is founded upon two grounds. First, that Chap. 71, Laws of 1901, is unconstitutional, because it contains provisions not germane to matters expressed in the title of the act; second because the act attempts to confer on Circuit Courts, jurisdiction in matters of guardianship, which jurisdiction is vested in county courts, by the constitution.

[3] The first contention is without merit, and no authority is cited which sustains it. Chap. 71, Laws 1901, was re-enacted with certain additional provisions, as Chap. 28 of the Political Code of 1903. It is not contended or suggested that the title of the latter enactment is defective. Appellant cites certain authorities announcing the rules of construction applied where a later act is merely a re-enactment of a former statute, but these authorities have no application to the alleged defect in the title of the original act. Wilson v. Western Surety Co., 31 S. D. 175, 140 N. W. 263.

[4, 5] Appellant's second contention presents a more difficult question. In State ex rel. etc., v. Kelly, 143 N. W. 955, this court suggests that the proceeding by which a child is committed to the Children's Home, is one substantially in the nature of a guardianship proceeding. This is doubtless correct in the general sense intended, that it is designed to protect and conserve the physical and moral welfare of the child. But this view in no manner determined the jurisdictional question involved. Indeed that opinion carefully avoided the decision of any jurisdictional question. It was decided in that case that whether the Circuit Court did or did not have jurisdiction such question could not be raised in an application to the county court in another proceeding. By Sec. 20 Art. 5 of the State Constitution, county courts are given original jurisdiction of all matters of probate, guardianship, and set-

tlement of estates of deceased persons. The general jurisdiction thus intended to be conferred. upon county courts, we think, is sufficiently defined and limited by the various provisions of the Probate Code of the Territory of Dakota, in force at the time the Constitution was adopted, relating to the appointment, powers and duties of guardians. Schmidt v. Schmidt, 47 Minn. 451, 50 N. W. 598, Compiled Laws 1887, §§2637, 2639. The jurisdiction thus conferred, containing no further constitutional definition or limitation is necessarily subject to legislative definition and limitation. By Chap. 67, Laws of 1897, re-enacted as Art. 8 of the Probate Code of 1903, (§§ 428-435 inclusive) the legislature enacted a statute authorizing county courts to appoint guardians for destitute and abandoned children, or, in their discretion to direct that such children be surrendered to any association incorporated under the laws of this state to secure homes for destitute children.

Thereafter, by Chap. 71, Laws of 1901, the legislature passed an act providing that, upon presentation of a petition, either to the circuit or county court of any county, an order might be made by the circuit or county court, directing that children belonging to the same identical class might be surrendered to a society incorporated under the laws of the state for the purpose of securing homes for destitute children. Chap. 71, Laws of 1901, was re-enacted as Chap. 28 of the Political Code, and became a law of the state, at the same time, and is a part of the Revised Codes of 1903. It will be observed that Chap. 28 of the Political Code, does not provide for the appointment of guardians, but only for proceedings under which a certain class of children may be surrendered to societies incorporated for the purpose of securing homes for destitute children. Thereafter, the legislature enacted Chap. 298 of the Laws of 1909, Sec. 1 of which act declares that the words, "dependent child and neglected child" shall mean any child coming within the provision of Chap. 28, Revised Political Code of 1903, and further declares that, "the proceedings as to the care of dependent children in the courts of this state, shall be as provided in said chapter, and any amendment thereto." We are of opinion that this section in effect, repeals Art. 8 of the Probate Code, containing the provision for appointment of guardians of destitute and abandoned children, but leaves operative Chap. 28 of the Pol-

itical Code of 1903, which, as we have observed, contains no guardianship provision.

If this view be correct, it follows that the authority of county courts to appoint guardians for destitute and abandoned children no longer exists, in proceedings under Chapter 28, Political Code, and that the appointment of guardians is confined to the other provisions of the Probate Code.

[6] Chap. 28 of the Revised Political Code of 1903, deals with dependent and neglected children. As defined by that chapter, dependent and neglected children are those who are not themselves responsible for their unfortunate conditions or surroundings. Chap. 298 of the Laws of 1909, deals with another class described as "delinquents." In a general sense, children thus classified are those whose unfortunate conditions or vicious associations are results of their own wilful acts. By Sec. 2 of the Act, the county courts are given original jurisdiction in all proceedings affecting delinquent children, and Sec. 3 declares that for convenience the county court may be called the "Juvenile Court." The act also contains provisions for the appointment of probation officers, and covers many other matters germane to the general purposes of a Juvenile Court. The purpose and scope of the Act is thus declared in Sec. 1.

"All proceedings under this Act shall be instituted by petitions on behalf of the state, and in the interest of such children and the state, but with due regard to the rights of parents and others directly interested; and in all proceedings such children shall be dealt with, protected and cared for as wards of the state."

By Sec. 5, any child proceeded against under this Act, is entitled to give security for its appearance at the trial of the case, and the court is authorized to appoint counsel to appear and defend on behalf of any such child. By Sec. 20, all cases may be reviewed, by appeal to the Circuit Court.

That legislation of this character is a valid exercise of the police power of the state, is too plain to require discussion, or the citation of authorities.

[7] It is also apparent, we think, that the provisions of Chapter 28, Revised Political Code of 1903, as well as those of Chap. 298, Laws of 1909, are not within the purview of that jurisdiction desig-

nated as "guardianship," which is vested in county courts, by Sec. 20, Art. 5, of the State Constitution.

[8] The only question remaining, is whether Circuit Courts of this state, may be vested with jurisdiction of the proceedings, as to dependent and neglected children, provided for by Chap. 28 of the Revised Political Code of 1903. By Sec. 14, Art. 5 of the Constitution, Circuit Courts are given original jurisdiction of all actions and causes, both at law and in equity. This provision of the Constitution certainly vests in the Circuit Courts authority to exercise in any case, all judicial power not exclusively vested by the law or Constitution, in some other court or tribunal of the state. The authority of the legislature to vest the Circuit Courts with jurisdiction, under Chap. 28, supra, we think is beyond question. Appellant's counsel has discussed various other questions, all of which have been carefully considered. Many of them are disposed of directly or indirectly, by the conclusions announced in this opinion. The others are not deemed of sufficient importance to warrant separate consideration and discussion. We are firmly convinced that no reversible error appears in the record before us, and that the action of the trial court should be affirmed.