*In re* BROUGHTON.

1. INFANTS—PETITION—JURISDICTION—JUVENILE COURT.
    Jurisdiction vested in the probate judge (1 Comp. Laws 1915, §§ 2011-2016, Act No. 363, Pub. Acts 1913) to commit a delinquent child to the industrial school who was shown by a petition of the truant officer to be 13 years old, and disobedient, apt to run nights, to carry tobacco and pipe,

which he used on the school grounds and streets, and who ran away from school, the petition giving the names and residence of the parents and praying that the court investigate the facts, which was done by the county agent, where the judge issued a summons to the father setting up the substance of the report and petition, requiring father and child to appear on a day certain.

2. SAME—RES JUDICATA.

An officer having particular authority to exercise his judgment after an investigation of the facts, of which he is made judge, renders a judgment which, if entered in good faith, is final and conclusive.

3. SAME—ADJOURNMENT.

The juvenile court has authority to adjourn the proceedings in its discretion (3 Comp. Laws 1915, § 12237).

4. SAME—EVIDENCE—SUFFICIENCY.

The statute leaves much to the discretion of the judge of probate when he has jurisdiction, and where the child confessed larceny and the county agent had made a full report, the judge had sufficient evidence before him on which to act.

5. SAME—PROBATION.

It is discretionary with the probate judge whether the child be placed on probation or not.

6. SAME—CRIMINAL LAW.

It is expressly provided by the statute that proceedings under the act shall not be deemed criminal and rules governing criminal trials have no application. If the child be found wilfully wayward and unmanageable, and in any case upon the adjudication of delinquency, if in the judgment of the court the welfare of the child and interests of the public require, the court may cause him to be sent to the industrial school. Act No. 363, Pub. Acts 1913, § 5; 1 Comp. Laws 1915, § 2016.

Certiorari to probate court of Branch county. Andrews, J. Submitted June 15, 1916. (Docket No. 123.) Decided July 21, 1916.

Petition by Ernest E. Broughton against Mark S.

Andrews, probate judge of Branch county, to review proceedings in the juvenile division of said court in which Ernest Broughton was found to be a delinquent child of the age of fourteen years and committed to the Industrial School for Boys. Affirmed.

*L. F. Humphrey,* for petitioner.

*Mark S. Andrews. in pro. per.*

STONE, C. J. Upon the petition of the father of Ernest Broughton, a writ of certiorari was issued to review the proceedings of the juvenile division of the probate court of Branch county, which resulted in the finding by said court that said Ernest Broughton was a delinquent child of the age of 14 years, and in committing him to the Industrial School for Boys at Lansing, where he is now detained. It is claimed in the petition that the proceedings were illegal and void, and that:

(1) The probate court had no jurisdiction to commit the boy.

(2) That the court did not proceed upon the return of the summons to hear said cause, and that no reason was given or existed for the several adjournments of the hearing which were had.

(3) That if said court ever had jurisdiction of said Ernest Broughton, it lost the same by its proceedings.

(4) That section 5 of Act No. 363 of the Public Acts of 1913 was not complied with in the case.

(5) That no testimony was taken before said court upon the allegations against said boy.

(6) That said child was not placed on probation as provided by law.

(7) That said child was not permitted a trial as provided by the statute.

(8) That said child did not at any time enter a plea of guilty to any of the charges against him.

(9) That the complaint and warrant referred to by the probate judge in the commitment did not charge a crime or offense known to the laws of this State.

(10) That said Ernest Broughton was not guilty of any of the offenses charged against him.

(11) That all proceedings taken by said court were wholly void.

(12) That the restraint of said child is in contravention of the Constitution of the United States, in that he is deprived of his liberty without due process of law, and without the right of a jury trial.

(13) That said child was not represented by counsel, and the court failed to appoint counsel for him.

From the return of the judge of probate and from the record, it appears that on November 5, 1914, one Charles T. Bishop presented to the juvenile division of the probate court a verified petition, as truant officer, representing that Ernest Broughton was a resident of the village of Quincy, in said county, and was residing with his parents, that he was 13 years of age, and was a delinquent child; the facts and circumstances upon which said allegation was based being as follows:

"Disobeys his parents. Runs on the streets at night. Carries tobacco and pipe on school grounds, and uses same on streets. Wilfully runs away from school."

The names and residence of the parents were given, and the petitioner prayed that the facts and circumstances be investigated, and such disposition be made of said child as the court might direct. Thereupon the judge of probate, on the same day, issued a notice to L. S. Daniells, the county agent, reciting the substance of said petition, and notifying and requiring said agent to inquire into and make full examination of the parentage and surroundings of said child, and the facts and circumstances alleged in said petition, and report the same to said court.

On November 7, 1914, said agent made a report to said court stating the age of said boy to be 14 years on the 16th day of July, 1914; the names and nationality of the parents. The report further stated:

"Home surroundings and conditions: Are very poor. Parents are absent and from home at work most of the time. Have six children who are left with their grandmother, who is 77 years old.

"History, general conduct and reputation: Bad. Runs away from school and from home. Steals rides on freight cars. Smokes pipes, cigars and cigarettes. Untruthful. Has bad influence over other boys.

"Education: Eighth grade.

"Information as to allegation in petition: Are true.

"Recommendation: Be brought into court and dealt with as court thinks best."

On the same day a summons was issued by the court directed to the father of said child reciting the substance of the petition and of the said report, and stating that it appeared to the court, upon consultation with the county agent and after full investigation thereof, that the interest of the public and of said child would be best subserved thereby, the father was commanded to appear with said child, before said court at the probate office on November 11, 1914, at 10 a. m. It further appears that the hearing of said matter was on November 11, 1914, adjourned to November 18, 1914, and from time to time to January 6, 1915.

It appears that in the meantime a complaint for larceny of goods of the value of $7 had been made against said Ernest Broughton before a justice of the peace of said county, and a warrant had been issued for his arrest, and he had been arrested thereon, and these facts came to the knowledge of the judge of probate.

On January 6, 1915, an order and adjudication were made by said judge of probate. After the usual caption, the order reads:

"In the Matter of Ernest Broughton, Delinquent Child: Charles T. Bishop having filed in said court his petition alleging that said Ernest Broughton is a delinquent child, and due notice thereof having been given as required by law, and said child having been brought

before said court, and said hearing having been adjourned to this day and during said period of adjournment the said child having been further complained of and a warrant for larceny having been issued and said child apprehended thereunder, and said child coming and confessing to said theft as charged in said complaint and warrant, and it appearing to the court, after a full investigation of the facts and circumstances, that said Ernest Broughton is a delinquent child, and was of the age of 14 years on the 16th day of July, A. D. 1914. And it further appearing that the public interests and the interests of said child be best subserved thereby: It is ordered, that said Ernest Broughton be and he is hereby committed to the Industrial School for Boys at Lansing, Mich., there to be detained and held under the rules and regulations of said school and in accordance with the statutes of the State of Michigan in such case made and provided.

"It is further ordered that L. S. Daniells be and he is hereby directed to convey said Ernest Broughton to said school with full power and authority for that purpose.

"MARK S. ANDREWS, Judge of Probate."

We have thus specifically stated the proceedings leading up to the commitment of this child. An examination of the statute, sections 11644 to 11649, 4 How. Stat. [2d Ed.], and Act No. 363, Pub. Acts 1913 (1 Comp. Laws 1915, §§ 2011-2016), will show that the provisions of the statute were substantially complied with by the court.

Taking up the alleged errors in their order, we must say:

1. We are of opinion that under the terms of the statute the court had jurisdiction to commit the child. As we have said, the proceeding provided by the statute is not criminal in character. The only judicial officer clothed by the Constitution and statute with the power of exercising discretion in the care and disposition of a juvenile delinquent is the probate judge. He, and he alone, may determine whether the child

shall be returned to its parents or guardians, placed upon probation, or committed to one of the several institutions named in the statute. *Van Leuven* v. *Ingham Circuit Judge,* 166 Mich. 115-117 (131 N. W. 531).

The judge of probate having jurisdiction of the subject-matter and of the party, the order made is conclusive and final. *Burgess* v. *Stribling,* 134 Mich. 33 (95 N. W. 1001).

When an officer has particular authority to exercise his judgment, after investigating the facts of which he is made judge, his finding of such facts in good faith is conclusive. *Belknap* v. *Township of Benton,* 169 Mich. 58-63 (135 N. W. 101).

2, 3. Referring to the second and third objections, we think that it should be held that the court had the right to adjourn the proceeding in his discretion. Section 684, 1 Comp. Laws (3 Comp. Laws 1915, § 12237).

The act of 1913 provides that on return of the summons or writ, or as soon thereafter as may be, the court shall proceed to hear and dispose of the case, upon such testimony as may be produced, etc.

4. We think the statute referred to was complied with.

5. It is said that no testimony was taken before the court. The record shows that the report of the county agent was on file, and that "after a full investigation of the facts and circumstances" said child was adjudged a delinquent child. It further appears that the child confessed the larceny charged. The statute leaves much to the discretion and judgment of the judge of probate, where he has jurisdiction of the person and subject-matter as here.

6. We think it discretionary with the judge of probate whether he place the child on probation or not.

7, 8. The statute expressly provides that proceedings under the act shall not be deemed to be criminal

proceedings. The rules governing criminal trials do not apply. The statute provides that:

"If the child be found to be wilfully wayward and unmanageable and in any case upon the adjudication of delinquency, if, in the judgment of the court, the welfare of the child and the interests of the public require, the court may cause him to be sent to the Industrial School for Boys at Lansing." Act No. 363, Pub. Acts 1913, § 5.

The finding appears to have fully complied with the terms of the statute, and there is no question as to good faith raised.

Counsel for petitioner seems to be of the opinion that the order of the court was based solely upon the charge contained in the complaint and warrant. We do not so understand the order. We think the order was based upon the petition of the truant officer and the investigation which followed; and, while the criminal charge is referred to, the order finds that said "Ernest Broughton is a delinquent child," etc.

Counsel for petitioner makes no claim that the statute is not constitutional, and we see no reason to doubt its validity.

What we have said disposes of all the questions raised, and, finding no reversible error in the proceedings and judgment, the same are affirmed.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.