On the 26th day of March, 1925, complaint in writing was filed in the office of the police magistrate of the city of Grand Forks, Grand Forks county, North Dakota, charging John H. Neville with the commission of the crime of grand larceny. On the 28th day of March, 1925, defendant was arrested and given a preliminary examination after which he was bound over to appear in the district court of said county, and on the 2d day of June, 1925, an information was filed by the state's attorney of said county, charging defendants with the crime of grand *Page 297 
larceny. He was duly arraigned and pleaded guilty, and, thereafter, on the 2d day of July, 1925, he was committed by the judge of said district court to the state training school at Mandan, North Dakota. About the same time, Warren V. Smith, Arthur Darcy, Harry Johnson and Carl Shol, were complained against and the procedure was the same before the committing magistrate and in the district court, all of the defendants being committed to the training school, except Carl Shol, who was sentenced to the penitentiary for one year and six months. The parents of the defendants were present at the preliminary hearing before the magistrate and the defendants were all represented by an attorney. The parents were also present in the district court, when the defendants pleaded guilty to the informations charging them with grand larceny, and when sentences were imposed, and at all times the defendants were represented by an attorney. At the time of arraignment and before the defendants pleaded guilty in the district court the trial judge was informed that the defendants would plead guilty and that the attorney for the defense and the state's attorney would and did recommend a suspension of sentence in each case. The defendants pleaded guilty, the judge took the matter under advisement, and pronounced judgment, but refused to suspend any of the sentences. After sentence the defendants, and each of them, through their parents, petitioned a judge of the district court of Grand Forks county for a writ of habeas corpus, upon the ground that the proceedings under which the defendants were arrested, tried and sentenced, were void, for the reason that all the defendants were under the age of 18 years; after hearing, the application for the writ was denied. Thereafter, the parents duly filed in this court, petitions alleging that the defendants were all under eighteen years of age, and that the committing magistrate and the chief of police knew, at the time of the preliminary examination, that the defendants were under eighteen years of age; that the state's attorney who prosecuted before the committing magistrate, and, thereafter, in the district court, and the judge of the district court, knew that the defendants were under eighteen years of age. It is the contention of the defendants that all of the proceedings in the police court, and in the district court were without jurisdiction and void.
The return of the defendant sheriff admits that complaint was made; that the defendants were bound over to the district court on charges *Page 298 
of grand larceny; that they pleaded guilty thereto; and that they were duly sentenced and committed to the training school, and the defendant, Shol, to the penitentiary for one year and six months. The return then alleges that the ages of the defendants were not put in issue before the committing magistrate, or in the district court, and that the defendants did not, or any one in their behalf, ask to have the case sent to the juvenile court.
There were separate petitions and returns for each of the defendants, but they were all argued together in the briefs. The facts in relation to each of the defendants are practically the same.
The learned counsel for the petitioners has gone into the subject at great length and in an exhaustive brief has compared our juvenile statute with the juvenile statutes of other states. The juvenile court acts are very similar except for one important particular to be hereinafter noted. Delinquent children are made wards of the state. In this state the district courts are given original jurisdiction. On the part of the state, the proceedings are in the interest of the child with due regard to the rights and duties of the parents.
The act should be liberally construed to the end that its purpose may be carried out, to wit: that the care, custody and discipline of the child shall approximate as nearly as may be that which should be given by its parents. The petitioners claim that the juvenile court has exclusive jurisdiction under § 11,416, Comp. Laws 1913, which reads as follows:
"If any child under the age of eighteen years is arrested with or without warrant, such child shall, instead of being taken before a justice of the peace or police magistrate, be given into the care of a juvenile officer of said county, and the officer having the child in charge shall take the child before such juvenile court, and in any case the county court may proceed to hear and dispose of the case in the same manner as if the child had been brought before the court upon petition as herein provided. In any case, the court shall require notice to be given, and investigation to be made as in other cases under this act, and may adjourn the hearing from time to time for that purpose."
Petitioners rely on the case of Re Powell, 6 Okla. Cr. 495,120 P. 1022, and while our statute is in some respects like the statute of Oklahoma, there is one very important distinction. In the case of Re Powell, supra, on page 1028, the court says: *Page 299 
"There is one other proposition raised by this petition that we deem it well to dispose of. That is the question of the jurisdiction of the district, or other courts than the juvenile courts, to commit juvenile offenders to the training school for boys?"
The court then quotes §§ 8539 and 8543 of Snyder's Statutes of Oklahoma, and then follow with comment as follows:
"Those provisions apparently confer this jurisdiction; but those sections were enacted prior to the enactment of the law in question (meaning the juvenile court law), and are directly in conflict with the fundamental purpose of many of its provisions. . . .
"Section 11 of the act before us provides that: `All acts and parts of acts in conflict herewith are hereby repealed.' The general provisions of Snyder's Statutes, supra, were sufficient to confer this right upon the district and other courts, but the provision last quoted clearly repeals them. Should the general provisions of §§ 8539 and 8543 stand, the very purpose of the law under consideration would be destroyed. It was evidently the intention of the Legislature to give this right to commit children to the State Training School, for the purpose of reform, education, and development, into the exclusive control of the juvenile courts, and we are impelled to the conclusion that this is the effect of the law as it stands."
The Oklahoma act gives the juvenile court exclusive original jurisdiction over persons under the statutory age. The Oklahoma statute does not have a repealing clause like the repealing section of the North Dakota act, nor has our attention been called to any juvenile act with a similar repealing clause. It was not a part of the bill as it was introduced in the legislature, but was offered and adopted as an amendment as shown by the Senate Journal for the legislative year 1911, page 236. It reads as follows:
"Section 11,428. This act shall be construed to repeal existing laws in conflict with this act under and by which dependent, neglected and delinquent children as defined by this act might be arrested, complained against, committed, confined or taken into or placed in custody, in justice courts or police courts, but asto all other laws it shall be construed as cumulative and not asexclusive." (Italics are ours.)
It is clear that the juvenile act, outside of proceedings in justice or *Page 300 
police courts, is additional legislation. This leaves intact § 11,281 which reads as follows:
"Whenever any person under the age of twenty years shall in any district court or county court having increased jurisdiction of this state be found guilty of a crime or public offense, other than murder, such court may, if in its judgment the accused is a proper subject therefor, instead of entering judgment against such person, direct by an order to be entered in the minutes of the court that such person be committed to the state reform school until such person attains the age of twenty-one (21) years."
The district court has jurisdiction over all criminal offenses and exclusive original jurisdiction over all felonies, and of all persons brought therein, charged with the commission of crime. The juvenile court act does not deprive the district court of jurisdiction in criminal causes; it specifically states in the repealing clause that it is cumulative and not exclusive as to all law, excepting only the law as administered in justice and police courts. The jurisdiction of the district court under the juvenile court act has been enlarged to cover the matters embraced in such legislation. It is not a separate and distinct court but the same court with enlarged powers. 7 R.C.L. 981; People v. Budd, 24 Cal.App. 176, 140 P. 714; Re Sharp, 15 Idaho, 120, 18 L.R.A.(N.S.) 886, 96 P. 563; State v. Drury, 25 Idaho, 787, 139 P. 1129; Lindsay v. Lindsay, 257 Ill. 328, 45 L.R.A.(N.S.) 908, 100 N.E. 892, Ann. Cas. 1914A, 1222; DeKay v. Oliver, 161 Iowa, 550, 143 N.W. 508; Marlowe v. Com. 142 Ky. 106, 133 S.W. 1137; State v. Riney, 125 La. 121, 51 So. 89; Van Leuven v. Ingham Circuit Judge, 166 Mich. 115, 131 N.W. 531; Re Broughton, 192 Mich. 418, 158 N.W. 884; State ex rel. Stearns County v. Klasen, 123 Minn. 382, 49 L.R.A.(N.S.) 597, 143 N.W. 984; State ex rel. Miller v. Bryant, 94 Neb. 754, 144 N.W. 804; Travis v. State, 31 Ohio C.C. 492; Re Powell, 6 Okla. Cr. 495,120 P. 1022; Com. v. Fisher, 213 Pa. 48, 62 A. 198, 5 Ann. Cas. 92; State ex rel. Kronschnabel v. Isenhuth, 34 S.D. 218, 148 N.W. 9; Ragsdale v. State, 61 Tex.Crim. Rep.,134 S.W. 234.
The jurisdiction of juvenile offenses in the state of Iowa was originally conferred on the district court, and in the case of De Kay v. Oliver, *Page 301 
161 Iowa, 550, 143 N.W. 508, a case practically the same as the case at bar, the court said:
"An examination of the several statutes relating to proceedings under the juvenile court act shows that no new tribunal was created by the legislature. Originally the full and exclusive jurisdiction was given to the district court, which later by amendment was extended to the superior court. Nowhere does the statute provide for a juvenile court as an independent tribunal; the only provision being that record of proceedings in the district court or the superior court, under what is termed the juvenile court act, shall be kept in a book or books to be known as the Juvenile Court Record. Even though the information in the present case and the warrant of commitment both are headed, `In the juvenile court of Iowa, in and for Woodbury county,' and the return of the defendant to the writ of certiorari refers to the proceedings as having been in the juvenile court presided over by himself, as judge of the district court, such words can only be construed as terms of description and not of jurisdiction. The records of the proceedings, in whatever book they may be preserved, are records of the district court."
The district court having had jurisdiction of the defendants and of the offenses charged in the information, had jurisdiction to accept the pleas of guilty, and it is presumed that the judge in imposing sentence took into consideration the ages of the defendants and inflicted punishment in accordance with his best judgment.
This disposes of the question of jurisdiction, which is the only question that can be inquired into on habeas corpus. It is well settled that the writ of habeas corpus can be invoked only when petitioner is confined without jurisdiction, and, since the court had jurisdiction of the offenses charged and of the defendants, the writs must be denied. State ex rel. Smith v. Lee,53 N.D. 86, 205 N.W. 314; State v. Floyd, 22 N.D. 183, 132 N.W. 662; Re Solberg, 52 N.D. 518, 203 N.W. 898; State v. Barnes,29 N.D. 165, 150 N.W. 557, Ann. Cas. 1917C, 762; State ex rel. Styles v. Beaverstad, 12 N.D. 527, 97 N.W. 548; Re Eckart,166 U.S. 481, 41 L. ed. 1085, 17 Sup. Ct. Rep. 638; Hogan v. State,30 Wis. 428, 11 Am. Rep. 575; Scott R. Habeas Corpus, p. 85; Re McNaught, 1 Okla. Cr. 528, 99 P. 241; Re Hayward,62 Cal.App. 177, 216 P. 414; Re Wilkins, 7 Okla. Cr. 422,
 *Page 302 
115 P. 1118; Ex parte Burroughs, 10 Okla. Cr. 87,133 P. 1142.
Section 11,416, which required the officer making the arrest to give into the care of a juvenile officer all children arrested under eighteen years of age, is to prevent children of tender years from being thrown into jail with hardened criminals and is in harmony with the object and purpose of the juvenile act.
The juvenile court is not a criminal court and it is the purpose of the law to treat juvenile offenders under eighteen years of age not as criminals, but as far as practicable to give them the paternal care of the home, to save them from the stigma attaching to crime, to guard and protect them against themselves, and all evil-minded persons.
We are not concerned with the question of the jurisdiction of police magistrate and justices of the peace over juvenile offenders against the law. The persons in whose behalf the writ of habeas corpus is prosecuted, are not held by virtue of a commitment issued by the police magistrate or justice of the peace; they are held by virtue of a judgment of conviction of a felony in the district court which has exclusive jurisdiction over such offenses.
There is no contention that the proceedings were under the juvenile court act, the proceedings were all under the general criminal procedure for the prosecution of criminals, in the court, having exclusive jurisdiction over the offenses charged in the information, and jurisdiction over the person of the defendants, and the acceptance of the pleas of the defendants and the commitments were wholly within the jurisdiction of the court, and the writs must be denied.
However, the juvenile court act makes it the duty of an officer who arrests a child under the age of eighteen years to give the child "into the care of a juvenile officer of said county" instead of taking the child "before a justice of the peace or police magistrate." § 11,416, supra. The statute is silent as to the procedure to be adopted where an officer brings a juvenile offender before a police magistrate or justice of the peace. But aside from all questions as to jurisdiction, we are agreed that, in such case, where it is apparent from the personal appearance of the defendant that he or she is under the age of 18 years, it is the duty of the police magistrate or justice of the peace to stop further proceedings, and transfer the cause to the juvenile court, and cause the person *Page 303 
of the defendant to be delivered to a juvenile officer of the county. In all cases where the question of age is raised and the personal appearance of the defendant leaves any room for doubt as to whether he or she is under the age of eighteen it becomes the duty of the police magistrate or justice of the peace to first hear evidence on that question; and if it appear that the defendant is under the age of eighteen, it is the duty of the officer to proceed no further, but to transfer the whole matter to the juvenile court. Writs are denied.
CHRISTIANSON, Ch. J., and JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.
 On petition for rehearing.