(April 22, 1914.)

## STATE, Respondent, v. JOHN DRURY, Appellant.

[139 Pac. 1129.]

JUVENILE DELINQUENCY—ENCOURAGING OR CONTRIBUTING TO—STATUTORY CONSTRUCTION — MISDEMEANOR — CONVICTION FOR—APPEAL—TRIAL DE NOVO—COMPLAINT—SUFFICIENCY OF.

1. By the provisions of sec. 159, chap. 159, Laws 1911, p. 545, any person who by any act encourages, causes or contributes to the delinquency of a child under eighteen years of age is guilty of a misdemeanor, and upon conviction may be fined not to exceed $300 or imprisoned in the county jail for a period not exceeding six months, or may be punished by both such fine and imprisonment.

2. Under the provisions of sec. 21, art. 5, of the state constitution, probate courts are given concurrent jurisdiction with justices of the peace in criminal cases; and sec. 3854, Rev. Codes, defines over what misdemeanors justices' courts are given jurisdiction.

3. By the provisions of sec. 4320, Rev. Codes, a defendant may appeal to the district court of the county from any judgment of conviction rendered in a criminal action by a probate or justice's court.

4. Sec. 8325, Rev. Codes, provides that on such appeals the case must be tried anew in the district court.

5. The provisions of sec. 165 of said juvenile act relate only to orders or final judgments made by a probate court sitting as a juvenile court, and are not applicable to cases where adults are prosecuted for the misdemeanor defined in sec. 159 of said act.

6. *Held*, that the probate court has not exclusive jurisdiction to try persons charged with the misdemeanor defined in said sec. 159, and that on an appeal from a judgment of conviction the defendant is entitled to a trial *de novo* in the district court.

7. The complaint *held* sufficient.

APPEAL from the District Court of the Second Judicial District, in and for Latah County. Hon. Edgar C. Steele, Judge.

The defendant was convicted of the crime of contributing to the delinquency of a juvenile person and on appeal to the district court he was denied a trial *de novo* and the judgment of the probate court was affirmed. *Reversed.*

Forney & Moore, for Appellant.

If sec. 165 and sec. 173 of act of March 7, 1911, entitled "An act providing a code of laws on education for the public school system of Idaho," relate to sec. 159 of said act, they are unconstitutional. (Secs. 21 and 26, art. 5, Ida. Const.; *People v. Maxon,* 1 Ida. 330; *Dewey v. Schreiber Implement Co.,* 12 Ida. 280, 85 Pac. 921.)

Sec. 165 of said act relates only to orders or final judgments made by any probate court, sitting as a juvenile court, and which affect any delinquent child, any juvenile delinquent person, or a juvenile disorderly person, and does not apply to adults affected by any such order made in any such proceedings. (*Ex parte Sharp,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886; *Mill v. Brown,* 31 Utah, 473, 120 Am. St. 935, 88 Pac. 609.)

The complaint filed in the probate court, attempting to charge the defendant with the crime of contributing to and encouraging the delinquency of one Delia Feeney, is insufficient. (Sec. 7679, Rev. Codes; *People v. Pierro,* 17 Cal. App. 741, 121 Pac. 689; *Edington v. Court,* 18 Cal. App. 739, 124 Pac. 450, 128 Pac. 338; *Ex parte Goldsworthy,* 22 Cal. App. 354, 134 Pac. 352.)

John Nisbet and J. H. Peterson, Attorney General, for Respondent.

The legislature has the authority to limit the right of appeal in criminal cases from probate courts. (*In re Sharp,* 15 Ida. 120, 96 Pac. 563, 18 L. R. A., N. S., 886.)

The law is designed to guard against children becoming delinquents, rather than to punish those who contribute to their delinquency after that fact has been determined. (*State v. Dunn,* 53 Or. 304, 99 Pac. 278, 100 Pac. 258.)

SULLIVAN, J.—This is an appeal from the district court of the second judicial district in and for Latah county, affirming the judgment of the probate court of that county, wherein and whereby the defendant was found guilty of the crime of contributing to the delinquency of a juvenile person, to wit,

one Delia Feeney, and upon such conviction was sentenced to a term of sixty days' imprisonment in the county jail of said county. An appeal was taken from the judgment of said probate court to said district court by the defendant. When the matter came on for hearing in the district court, the county attorney filed a motion or request that the defendant be allowed to present all questions of law pertaining to said case on said appeal and that he be not given a trial *de novo,* which request or motion was granted by the court, and the defendant was denied a trial *de novo* in the district court.

The case was then presented upon questions of law to the district court and thereafter a judgment was entered affirming the judgment and sentence of the probate court. This appeal is from that judgment.

The errors assigned go to the sufficiency of the complaint and the action of the court in denying the defendant a trial *de novo.*

The action against the appellant was instituted under the provisions of sec. 159 of chap. 159 (Laws 1911, p. 545), by a complaint filed by the county attorney. Said section is as follows:

"In all cases where any child shall be a delinquent child, a juvenile delinquent person, or a juvenile disorderly person, as defined by this act, the parent or parents, legal guardian, or person having the custody of such child, or any other person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, shall be guilty of a misdemeanor, and upon trial and conviction thereof shall be fined in a sum not to exceed three hundred dollars ($300), or imprisonment in the county jail for a period of not exceeding six months, or shall suffer both fine and imprisonment. The court may impose conditions upon any person found guilty under this act, and so long as such person shall comply therewith to the satisfaction of the court, the sentence imposed may be suspended."

The charging part of the information is as follows:

"That the said John Drury, on or about the 15th or 16th day of February, A. D. 1913, in the county of Latah, state of

Idaho, then and there being, did then and there wilfully and unlawfully contribute to and encourage the delinquency of one Delia Feeney, by then and there permitting and encouraging the said Delia Feeney to use and occupy, for the purpose of having other persons to have sexual intercourse with her, a certain building in the village of Deary, Latah county, state of Idaho, known as 'Grannis & Drury's Pool Hall,' and which said building was then and there in his charge and was then and there a public place, and the said Delia Feeney being then and there a juvenile delinquent person and delinquent child.''

It is contended by counsel for appellant that defendant was prosecuted and found guilty of the crime of a misdemeanor and that such crime is clearly within the criminal jurisdiction of the courts of justices of the peace and the probate courts. It is declared in said sec. 159 that one guilty of the acts charged therein ''shall be guilty of a misdemeanor and upon trial and conviction thereof shall be fined in a sum not to exceed three hundred dollars ($300), or imprisonment in the county jail for a period of not exceeding six months, or shall suffer both fine and imprisonment.''

Under the provisions of sec. 21, art. 5, of the state constitution, probate courts are given concurrent jurisdiction with justices of the peace in criminal cases, and by the provisions of sec. 3854, Rev. Codes, justices' courts are given jurisdiction of all misdemeanors punishable by fine not exceeding $300 or imprisonment in the county jail not exceeding six months or by both such fine and imprisonment.

It will be observed that by the provisions of said sec. 159, the same penalty is provided for the misdemeanor therein mentioned as for misdemeanors of which the justices' courts have jurisdiction and of which the probate court is given concurrent jurisdiction by the provisions of sec. 3841, Rev. Codes. Sec. 4320, Rev. Codes, provides that a defendant may appeal to the district court of the county from any judgment of conviction rendered in a criminal action by a probate or justice's court, and sec. 8325, Rev. Codes, provides that the clerk of the district court must file the papers in such appealed cases and enter the action on the calendar in its order with other crim-

inal cases, "and the same must be tried anew in the district court at the next term thereof unless for good cause the same be continued."

It is clear that if the misdemeanor of which the defendant was convicted is included within the misdemeanors over which justices' courts have jurisdiction, then on an appeal from a judgment of conviction the defendant has a right to a new trial, or a trial *de novo,* unless the legislature had the power and authority to prohibit in such cases a trial *de novo* on such appeals.

It is contended on behalf of the state that the legislature had such power and exercised that power by the adoption of sec. 165 of said act, which provides that "All orders or final judgments made by any probate court or judge thereof under this chapter may be reviewed upon questions of law only." It was evidently under the provisions of that section that the district court denied the appellant a trial *de novo* and confined his appeal to questions of law.

Sec. 173 of said act provides, among other things, as follows: "All offenses under this act shall be prosecuted in the probate court," and it is contended by counsel for appellant that if said section 165 prohibits the trial of a misdemeanor anew on appeal, said provisions are unconstitutional and void. It is clear to us that the provisions of sec. 165 relate only to orders or final judgments made by a probate court sitting as a juvenile court and affect only juvenile delinquent persons or juvenile disorderly persons, and do not affect adults where such adults are prosecuted for the misdemeanors referred to in sec. 159 of said act.

The defendant was found guilty by the court of contributing to the delinquency of said minor, which act is declared to be a misdemeanor, and on appeal the district court held, under the provisions of said sec. 165, that the defendant was not entitled to a trial *de novo* but was only entitled to be heard upon questions of law arising in the case. Under the provisions of said sec. 21, art. 5, of the constitution, and said sec. 3841, Rev. Codes, the probate court is given concurrent criminal jurisdiction with justices of the peace, and the legislature by subd.

3 of sec. 3854, Rev. Codes, gives justices' courts jurisdiction over "all misdemeanors punishable by a fine not exceeding three hundred dollars or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment."

The offense defined by said sec. 159 comes clearly within the criminal jurisdiction of justices of the peace and of probate courts. The question then is presented whether the legislature had authority to give the probate court exclusive jurisdiction in such misdemeanor cases. By the provisions of the constitution, probate courts cannot be given by the legislature any greater or any less or any other jurisdiction than the criminal jurisdiction of justices' courts without violating the provisions of sec. 21 of art. 5. We therefore conclude that the legislature had not the authority to confer upon the probate court exclusive jurisdiction to try the misdemeanor defined in said sec. 159.

The provisions of secs. 163 and 165 of said act relate to matters coming within the jurisdiction of the probate court sitting as a juvenile court. By sec. 153 of said act the probate court is required to keep record-books to be known as "The Juvenile Record" and "The Juvenile Docket," in which shall be kept certain matters of information pertaining to the cases brought before the court as a juvenile court, while sec. 8282, Rev. Codes, requires justices of the peace and probate courts to keep a criminal docket in which must be entered each action and the proceedings of the court therein. The closing sentence of sec. 170 of said act provides that any guardian or custodian of a minor who knowingly swears falsely to the age of such child for the purpose of obtaining an age record, is guilty of perjury, and the last sentence of sec. 173 provides that "All offenses under this act shall be prosecuted in the probate court." It certainly would not be contended that the crime of "perjury" could be prosecuted under the laws of this state in the probate court. Perjury being a felony, justices' and probate courts have no jurisdiction to try a person for that crime.

Under the statutes of this state a party appealing from a judgment in a civil action from the probate or justice's court

may appeal upon questions of law or questions of fact or upon questions both of law and fact; but in all criminal matters in justices' or probate courts the defendant can only appeal from the judgment of conviction, and in the appellate court his case must be tried anew. (Sec. 8325, Rev. Codes.)

It may be the legislature intended, by the provisions of said sec. 165, to enlarge the right of a defendant on an appeal from a judgment of conviction under the provisions of said sec. 159, by giving him the right to have the judgment of such court reviewed upon questions of law alone in case a trial anew was not desired by the defendant. However that may be, one convicted under the provisions of said sec. 159 may appeal from the judgment to the district court and is entitled to a trial anew, or *de novo*, in the district court. The trial court therefore erred in denying the defendant's application for a trial *de novo*.

The next question raised is as to the sufficiency of the complaint.

The charging part of the complaint is above set forth, and it charges that the defendant wilfully and unlawfully contributed to and encouraged the delinquency of one Delia Feeney, by then and there permitting and encouraging the said Delia Feeney to do certain unlawful acts, and sets forth in detail such acts, and the only allegation that said Delia Feeney was a delinquent child or a delinquent person is, "and the said Delia Feeney being then and there a juvenile delinquent person and a delinquent child," and it is contended by counsel for appellant that it is nowhere averred by what conduct, act or acts or circumstances the said Delia Feeney became a juvenile delinquent person or delinquent child; that whether said Delia Feeney is a juvenile delinquent person or a delinquent child is an issue of fact that must be established by evidence before the defendant can be convicted of the offense charged, and that the defendant is entitled to know which one of the several acts enumerated by the statute (sec. 152 of said act) the said Delia Feeney has committed and thereby became a juvenile delinquent and a delinquent child, and that the identical acts on which she was adjudged a juvenile de-

linquent person should be set forth in the complaint by proper allegation so that the defendant may be informed what charge he will be called upon to meet when placed upon trial.

Said section of the statute defines a "delinquent child" as one under the age of eighteen years who violates any law of this state or any city or village ordinance; or who is incorrigible or who knowingly associates with thieves, vicious or immoral persons; or who is growing up in idleness or crime, or who knowingly visits or enters a house of ill-fame, etc., and specifies a number of other acts which if done by such child brings the child within the meaning of the words, "delinquent child."

In support of counsel's contention, they cite subd. 3 of sec. 7696, Rev. Codes, and also *People v. Pierro,* 17 Cal. App. 741, 121 Pac. 689. Sec. 7679 requires that the indictment or complaint be direct and certain as it regards the party charged, the offense charged and the particular circumstances of the offense charged when they are necessary to constitute a complete offense. In the case of *People v. Pierro, supra,* the court had under consideration a statute of California almost identical in language with said sec. 159 of the act under consideration, and the court held that the complaint was insufficient in that it did not specify for what act or acts the child had been adjudged a juvenile delinquent person.

Said sec. 7679 requires the complaint to be direct and certain as it regards the party charged, the offense charged and the particular circumstances of the offense charged when they are necessary to constitute a complete offense. We are satisfied that the complaint in this case sufficiently complies with the provisions of said section, and that from the language used therein the defendant fully understood the exact crime with which he was charged and the circumstances under which he was charged to have committed the offense. The California supreme court in *People v. Pierro, supra,* held that it was not essential to a prosecution under the 26th section of the California juvenile delinquency act that the child who was encouraged to do some unlawful act be a dependent child or that some one of the acts, omissions or conditions constituting the

child a dependent be alleged in the information or complaint. The ruling in that case is to the effect that if the child were not a juvenile dependent at the time the acts complained of in the information were committed by the adult, the adult committed no offense under sec. 26 of said act. · Sec. 159, under which this action was prosecuted, will not bear the construction that the California court has placed upon said sec. 26 of the California act. The language of said sec. 159 makes it a misdemeanor for any person by any act to encourage, cause or contribute to the delinquency of a child and is intended as a preventive measure. That statute is designed to guard against children becoming delinquent, as well as to punish those who contribute to their delinquency after the fact of delinquency has been determined. Sec. 152 of said act declares what acts a child under eighteen years of age must commit in order to become a delinquent, and it is not necessary under sec. 159 that such child be declared a delinquent by the proper court in order to convict a person of "encouraging, causing or contributing" to the delinquency of such child. When any person by any act encourages, causes or contributes to the delinquency of such child, he is guilty of a misdemeanor whether such child has been declared a delinquent or not. It is clear that said act was intended as a preventive measure.

In *State v. Dunn*, 53 Or. 304, 99 Pac. 278, 100 Pac. 258, which involved some provisions of the delinquent child law of Oregon, the court said:

"It is not charged that the alleged mistreated child has become delinquent, within the meaning of the statute, but averred merely that the acts complained of manifestly tend toward such delinquency. It is not essential to a conviction either to charge or to prove that the minor has become delinquent. The general purpose of the law on the subject, as applied to improper acts of adults, is intended more particularly to cover instances of misconduct by adults, not otherwise provided for by statute. To assume that it was intended that the state should await the result of the wrong perpetrated before punishing the offender, would, therefore, be unreasonable, as well as strongly tend to defeat the very purpose of the law in

its effect to protect children. . . . . It needs no discussion to show that, if the accusations against the defendant are true, the effect of the alleged wrongful acts would manifestly tend to cause a girl of immature years to become a delinquent, as defined by the juvenile acts.''

The act here under consideration, and especially those provisions contained in said sec. 159, was intended to prevent and restrain adults from encouraging, causing or contributing to the delinquency of a child, and those acts are made a misdemeanor, and the specific acts alleged to have been done by the defendant are clearly set forth in the complaint, and he is fully apprised of the criminal acts he is charged with having performed. It was not necessary to allege in said information the specific act performed by the child that would bring her within the meaning of ''delinquent child,'' as used in said act. Under the provisions of said act, even though the child had not been a delinquent, it clearly appears that the acts performed by the defendant and alleged in the complaint are such acts as would encourage the delinquency of said child. We therefore hold that said complaint is sufficient.

However, having held that under the law the defendant was entitled to a trial *de novo* in the district court, the judgment must be reversed, and it is so ordered, and the cause remanded with directions to the district court to proceed and try the appellant as provided by sec. 8325, Rev. Codes.

Ailshie, C. J., concurs.