The State of Ohio, Appellee, *v.* Kiessling, Appellant.

(No. 699—Decided December 6, 1952.)

Mr. *Reeder C. Hutchinson,* prosecuting attorney, for appellee.

Mr. *Otto W. Hess, Mr. George A. Meekison* and *Mr. Edwin S. Diehl,* for appellant.

Guernsey, J. This is an appeal on questions of law from a judgment of the Juvenile Court of Defiance County, Ohio.

On February 19, 1952, one Don Kehnast, a deputy sheriff of Defiance county, Ohio, filed his complaint in the Juvenile Court of Defiance County, Ohio, which, omitting formal parts thereof, is in the words and figures following, to wit:

"That on or about the first day of January, 1952, in the county of Defiance and continuing until the

present day aforesaid, one Orvil Kiessling residing at
Defiance, Ohio did contribute toward the delinquency
the following child, to wit: Wilbur Shirk, age 15
years, in that he did act as a receiver of stolen prop-
erty from the said minor."

On the 19th day of February, 1952, the said Orvil
Kiessling, named as the offender in said complaint, was
duly arraigned thereon in the Juvenile Court of De-
fiance County, Ohio, and pleaded not guilty to the
charge preferred against him in the complaint.

Subsequently, the said Orvil Kiessling duly demand-
ed a jury trial and on the 22nd day of April, 1952, a
jury was empaneled and sworn in said Juvenile
Court to try the same. After said jury was empaneled
and sworn the cause based on said complaint was
adjourned until April 23, 1952. Upon said court recon-
vening upon April 23, 1952, one Donald V. Kehnast
was sworn as the first witness for the state and
had testified as to his name only when the defendant
made the following objection and motion:

"If Your Honor, please, at this time we want to ob-
ject to any evidence being offered in this case under
this complaint against this defendant and move the
court to discharge this defendant at this time from
further prosecution, under the complaint that is filed
here."

This objection and motion were overruled by the
court, which then proceeded with the trial.

The state introduced its evidence consisting of the
testimony of witnesses and certain exhibits. The de-
fendant cross-examined all but one of the state's wit-
nesses.

At the close of its evidence the state rested and the
defendant then made a motion as follows:

"If Your Honor, please, we want to move the court
at this time to discharge this defendant from further
prosecution in this case and renew our motion that we

made at the beginning of the case, that he be discharged from any further prosecution and released, under the charge as it stands in the complaint.''

This motion was overruled by the court and the court thereupon adjourned until the following day. Immediately upon the court reconvening, pursuant to adjournment, one of the attorneys for the defendant stated in open court that ''the defendant offers no evidence in his defense under this affidavit and again renews the motion to discharge the prisoner from further prosecution and rests.''

The court denied this motion.

The state then argued the cause to the jury and the defendant, not desiring to argue the same, the court instructed the jury which subsequently returned a verdict finding the defendant guilty as charged in the complaint. The court thereafter rendered judgment on said verdict sentencing the defendant to commitment in the workhouse at Whitehouse, Ohio, for a period of six months and to pay the costs of prosecution. That is the judgment from which appeal is taken.

The defendant assigns error in a number of particulars, but in the view we take of this case it is necessary to consider only two of the assigned errors as a consideration of such assignments disposes of the entire case. The assignments the court will consider are the following which will be considered together, to wit:

''1. The court erred in overruling defendant's motion to reject the evidence offered in this case under the complaint against this defendant and in refusing to discharge the defendant from prosecution to which ruling of the court the defendant at the time excepted.''

''4. The court erred in refusing to discharge the defendant from prosecution at the time the state of Ohio

concluded its case to which ruling of the court the defendant at the time excepted.''

Whether either of these assignments of error is well taken depends entirely upon whether the complaint hereinbefore set forth charges the defendant with the commission of an offense under the laws of Ohio.

The complaint attempts to charge the commission of an offense within the purview of Section 1639-45, General Code, the pertinent part of which reads as follows:

''Whoever * * * contributes toward the * * * delinquency, as herein defined, of a child * * *, or acts in a way tending to cause delinquency in such child, * * * shall be fined not less than five dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both. Each day of such contribution to such * * * delinquency, shall be deemed a separate offense.''

The phrase, ''delinquency, as herein defined,'' as used in the above General Code Section refers to the definition of ''delinquent child'' appearing in Section 1639-2, General Code, the parts thereof which might possibly be construed as applying to the conduct of the child mentioned in the complaint, reading as follows:

''['Delinquent child' defined]. For the purpose of this chapter, the words 'delinquent child' includes any child:

''1. Who violates any law of this state, the United States, or any ordinance or regulation of a subdivision of the state.

''* * * *

''4. Who so deports itself as to injure or endanger the morals or health of itself or others.''

The offense of receiving stolen property is defined in Section 12450, General Code as follows:

"[Receiving stolen property, etc.]. Whoever buys, receives or conceals anything of value which has been stolen, taken by robbers, embezzled or obtained by false pretense, knowing it to have been stolen, taken by robbers, embezzled or obtained by false pretense, if the value thereof is sixty dollars or more, shall be imprisoned in the penitentiary not less than one year nor more than seven years, or, if the value thereof is less than that sum, shall be fined not more than three hundred dollars or imprisoned not more than ninety days, or both."

In the case of *Fisher* v. *State,* 84 Ohio St., 360, 95 N. E., 908, in which the sufficiency of a complaint of contributing to the delinquency of a minor child, based upon the provisions of sections of the General Code then designated as Sections 1654 and 1644, which are analogous to Sections 1639-45 and 1639-2, respectively, General Code, it was held that the offense of contributing to the delinquency of a child is "predicated upon the fact that S- is a 'delinquent child,' and that fact is the first one necessary to be proven, for it is only when she, by his aid, inducement and encouragement has become a 'delinquent' within the meaning of Section 1644, General Code, that the crime of contributing to her delinquency is complete."

In the case of *Edmonds* v. *State,* 30 Ohio App., 195, 164 N. E., 649, in which a similar complaint was under consideration, it was held:

"1. There can be no valid conviction on an affidavit which charges no offense against laws of state.

"2. Affidavit charging defendant contributed to delinquency of a minor *held* fatally defective, even after judgment of conviction, where it did not specify some facts showing minor was delinquent child, within meaning of Section 1644, General Code.

"3. It is not sufficient to charge offense of con-

tributing to delinquency of minor in language of Section 1654, General Code.

"4. Affidavit charging one with contributing to delinquency of a minor states no charge, under Section 1654, General Code, unless it charges some one or more acts of delinquency specified in Section 1644, since words 'as herein defined,' as used in Section 1654, insofar as they relate to delinquency, refer to definition of delinquent child contained in Section 1644."

The foregoing holdings were followed by this court in the case of *State* v. *Zaras*, 81 Ohio App., 152, 78 N. E. (2d), 74, wherein a complaint based upon the provisions of Sections 1639-45 and 1639-2, General Code, now in effect, which sections are analogous to former Sections 1654 and 1644, General Code, above mentioned.

In the last mentioned case the court, among other things, held:

"2. An affidavit drawn pursuant to Section 1639-45, General Code, charging an accused with contributing toward the delinquency of a minor by furnishing, aiding or participating in the sale of beer to such minor, but which does not set forth facts showing such minor to be a delinquent within the purview of Section 1639-2, General Code, does not charge an offense against the laws of Ohio.

"3. There can be no valid conviction on an affidavit which does not charge an offense against the laws of the state, and a plea of guilty will not cure such defect in the affidavit."

In an earlier case, that of *State* v. *Krauss*, 81 Ohio App., 453, 80 N. E. (2d), 164, this court held:

"An affidavit charging that the accused contributed to the dependency of a minor child and acted in a way tending to cause such dependency, without charging that the minor was a dependent child as defined in

Section 1639-4, General Code, does not charge an offense under the laws of Ohio.''

While that case involved dependency and not delinquency, the reasoning upon which the decision is based applies as well to charges of delinquency.

We will consider the sufficiency of the complaint in the instant case in the light of the authorities mentioned.

An examination of the complaint, which is quoted above, discloses that it is not charged in the complaint that the child, Wilbur Shirk, is a delinquent child, nor does it set forth facts showing that Wilbur Shirk is a delinquent child as defined in Section 1639-2, General Code, above quoted. Nor does it set forth any facts showing that the defendant, Orvil Kiessling, has in any way contributed to the delinquency of said child.

So far as the complaint shows the said child may have come into possession of the property mentioned in the complaint without notice or knowledge that it was stolen property and the said property may have been received by the defendant without notice or knowledge on his part or on the part of said child that it was stolen property.

The complaint therefore fails to charge facts showing that said child violated ''any law of this state, the United States, or any ordinance or regulation of a subdivision of the state'' and further fails to charge facts showing that said child deported ''itself as to injure or endanger the morals or health of itself or others;'' and it fails to set forth facts showing that the defendant contributed in any way to the delinquency of said child.

For the reasons mentioned the complaint in the instant cause was wholly ineffectual to charge an offense and the court therefore erred in overruling the objections and motions of the defendant mentioned in his assignments of error filed herein.

For these errors, the judgment of the Juvenile Court

is reversed and this court, rendering the judgment the Juvenile Court should have rendered on said objections and motions, renders final judgment herein discharging defendant and adjudges that the state shall pay all the costs herein, both in the Juvenile Court and this court, in the manner provided by law.

*Judgment reversed.*

MIDDLETON, P. J., and YOUNGER, J., concur.