The State of Ohio, Appellee, *v.* Holbrook, Appellant.

(No. 949—Decided January 5, 1954.)

Mr. *John B. Kelly,* for appellee.
Mr. *Fred Markley,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from an order of the Juvenile Court of Logan County, Ohio, revoking the suspension of a sentence theretofore imposed by that court upon the appellant, Edna Holbrook, in a proceeding wherein the appellant pleaded guilty to a charge preferred against her in a complaint filed in such court of acting in a way tending to cause the delinquency of Deborah Peters, a child of 14 years of age, and was found guilty and sentenced to a term in the Ohio Reformatory for Women, Marysville, Ohio, but which sentence was then suspended and the appellant probated upon certain conditions then fixed by the court which the appellant was later charged with violating.

The complaint upon which the appellant was found guilty and sentenced is, omitting the introduction and conclusion thereof, in the words and figures following, to wit:

"That on or about the 30th day of November, 1952, in the county of Logan aforesaid, one Edna Holbrook residing at Lima, Ohio, did act in a way tending to cause the delinquency of the following child, to wit: Deborah Peters, age fourteen (14) years, in that she did come to Logan county, Ohio, and take said child with her to the city of Lima, Ohio, without the knowledge and consent of her parents thereby endangering her morals causing said child to be a truant from home and school."

The order of suspension of sentence above mentioned, is in the words and figures following, to wit:

"This day came James R. Goslee, prosecuting attorney of Logan county, on behalf of the state of Ohio, and the defendant was brought before the court in the custody of Ralph Watt, deputy sheriff of Logan county, Ohio, and arraigned upon the complaint filed in the above entitled case.

"Said defendant having had a reasonable time to ex-

amine the charge preferred against her, the charge was then distinctly read to her, and she was required to plead thereto.

"Whereupon, the said defendant pleads guilty to the charge preferred against her in said complaint of contributing to the delinquency of Deborah Peters; and being inquired if she had anything to say why judgment should not be pronounced against her, and having nothing but what she has already said; and showing no good and sufficient cause why judgment should not be pronounced;

"It is therefore ordered by the court that said Edna Holbrook, defendant, be fined in the sum of twenty five and 00/100 dollars, and that she pay the costs in the above entitled action, taxed at $10.67, and that she be imprisoned in the Ohio Reformatory for Women—Marysville, Ohio, for a period of six months, there to remain or until discharged by due course of law.

"The foregoing sentence of imprisonment is hereby suspended on the following conditions: 1. That she is not to violate any law of the state of Ohio and is to be of good behavior at all times for the next three years. 2. That she is to remain out of Logan county henceforth. 3. That she shall in no way associate with Deborah Peters. And this cause is continued."

The order revoking the suspension of sentence and ordering the original sentence executed, from which this appeal is taken, is in the words and figures following, to wit:

"This day appeared the defendant, Edna Holbrook, with counsel, Fred Markley, and the prosecuting attorney of Logan county, John B. Kelly, on behalf of the state of Ohio, and being the day to which said cause was continued. This matter originated on the motion of the prosecuting attorney to revoke the sus-

pended sentence given to Edna Holbrook, by reason of her violation of the terms thereof.

"It is the finding of this court after due consideration, that the defendant has violated the terms of her suspended sentence, to wit: 'to remain out of Logan county henceforth.'

"Therefore, it is the order of this court that the suspended sentence be and hereby is revoked, and the original sentence is hereby ordered executed, and the defendant is remanded to the custody of the sheriff of Logan county for the execution of said sentence, to wit: 'that she be imprisoned in the Ohio Reformatory for Women at Marysville, Ohio, for a period of six months and to there remain until discharged by due course of law.'"

The appellant assigns error in certain particulars which may be summarized as follows:

1. The complaint to which the appellant pleaded guilty and upon which she was found guilty and sentenced did not charge an offense; hence, the sentence imposed under said complaint, the suspension thereof, and the conditions upon which such suspension was ordered, were void, and the Juvenile Court was without jurisdiction to revoke such suspension and order such sentence executed, and its order purporting to do so is void.

2. The condition upon which said order of suspension was made, that the appellant "is to remain out of Logan county henceforth," is unreasonable, contrary to public policy, contrary to law, and void.

We will now consider the first assignment.

Section 1639-2, General Code (now Section 2151.02, Revised Code), defines "delinquent child" as follows:

"For the purpose of this chapter, the words 'delinquent child' includes any child:

"1. Who violates any law of this state, the United

States, or any ordinance or regulation of a subdivision of the state.

"2. Who does not subject itself to the reasonable control of its parents, teachers, guardian or custodian, by reason of being wayward or habitually disobedient.

"3. Who is a habitual truant from home or school.

"4. Who so deports itself as to injure or endanger the morals or health of itself or others.

"5. Who attempts to enter the marriage relation in this or any other state without the consent of its parents, custodian, legal guardian or other legal authority, as required by the laws of this state."

The pertinent provisions of Section 1639-45, General Code (now contained in Sections 2151.41 and 2151.99, Revised Code), prescribing the conduct which constitutes contributing to the delinquency of a minor read as follows:

"Whoever * * * aids, abets, induces, causes, encourages or contributes toward the * * * delinquency, as herein defined, of a child or ward of the court, or acts in a way tending to cause delinquency in such child * * * shall be fined not less than five dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both. * * *"

Upon an inspection of the copy of the complaint hereinbefore set forth it will be observed that no facts are charged which would constitute the minor child, Deborah Peters, a delinquent as defined in Section 1639-2, General Code. It will be noted further that no facts are charged showing any conduct upon the part of the appellant which, within the purview of Section 1639-45, General Code, would tend to cause the delinquency of said minor child.

In the case of *Fisher* v. *State*, 84 Ohio St., 360, 95 N. E., 908, in which the sufficiency of a complaint of contributing to the delinquency of a minor child, based upon the provisions of sections of the General Code

then designated as Sections 1654 and 1644, General Code (analogous to General Code Sections 1639-45 and 1639-2, respectively), it was held that the offense of contributing to the delinquency of a child is "predicated upon the fact that S- is a 'delinquent child,' and that fact is the first one necessary to be proven, for it is only when she, by his aid, inducement and encouragement has become a 'delinquent' within the meaning of Section 1644, General Code, that the crime of contributing to her delinquency is complete."

In the case of *Edmonds* v. *State*, 30 Ohio App., 195, 164 N. E., 649, in which a similar complaint was under consideration, it was held:

"1. There can be no valid conviction on an affidavit which charges no offense against laws of state.

"2. Affidavit charging defendant contributed to delinquency of a minor *held* fatally defective, even after judgment of conviction, where it did not specify some facts showing minor was delinquent child, within meaning of Section 1644, General Code.

"3. It is not sufficient to charge offense of contributing to delinquency of minor in language of Section 1654, General Code.

"4. Affidavit charging one with contributing to delinquency of a minor states no charge, under Section 1654, General Code, unless it charges some one or more acts of delinquency specified in Section 1644, since words 'as herein defined,' as used in Section 1654, insofar as they relate to delinquency, refer to definition of delinquent child contained in Section 1644."

The foregoing holdings were followed by this court in the case of *State* v. *Zaras*, 81 Ohio App., 152, 78 N. E. (2d), 74, wherein the complaint was based upon the provisions of Sections 1639-45 and 1639-2, General Code, now in effect, which sections are analogous to former Sections 1654 and 1644, General Code.

In the last mentioned case, the court, among other things, held:

"2. An affidavit drawn pursuant to Section 1639-45, General Code, charging an accused with contributing toward the delinquency of a minor by furnishing, aiding or participating in the sale of beer to such minor, but which does not set forth facts showing such minor to be a delinquent within the purview of Section 1639-2, General Code, does not charge an offense against the laws of Ohio.

"3. There can be no valid conviction on an affidavit which does not charge an offense against the laws of the state, and a plea of guilty will not cure such defect in the affidavit."

In an earlier case, that of *State* v. *Krauss,* 81 Ohio App., 453, 80 N. E. (2d), 164, this court held:

"An affidavit charging that the accused contributed to the dependency of a minor child and acted in a way tending to cause such dependency, without charging that the minor was a dependent child as defined in Section 1639-4, General Code, does not charge an offense under the laws of Ohio."

While that case involves dependency and not delinquency, the reasoning upon which the decision is based applies as well to charges of delinquency.

These holdings were recently followed and applied by this court in the case of *State* v. *Kiessling,* 93 Ohio App., 524, 114 N. E. (2d), 154.

Considering the complaint in the instant case in the light of these holdings, we find that it does not charge the appellant with any offense and that, for this reason, the sentence entered upon the complaint, the order suspending the same, and the order revoking such suspension and ordering said sentence executed are void, and that the first assignment of error above mentioned is well taken.

It follows that the order from which this appeal was taken should be and the same is hereby reversed at the costs of the state, and final judgment is entered in favor of the appellant discharging her from detention.

In the view we have taken of this case and the disposition we have made of it, it is unnecessary to consider or discuss assignment of error No. 2.

*Judgment reversed.*

YOUNGER, P. J., and MIDDLETON, J., concur.