D. P. Lovvorn

*v.*

State of Tennessee.

389 S.W.2d 252.

(*Nashville,* December Term, 1964.)

Opinion filed April 7, 1965.

M. A. Peebles, Columbia, for D. P. Lovvorn.

George F. McCanless, Attorney General, Walker T. Tipton, Edgar P. Calhoun, Assistant Attorneys General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

Our original opinion in this case was filed 8 April 1964 and subsequent thereto we granted a petition to rehear. We have again heard argument on this matter and therefore withdraw our opinion filed 8 April 1964 and enter this opinion as our decision in the case.

The defendant, D. P. Lovvorn, appeals in error to this Court from the conviction of contributing to the delinquency of a minor. The only question presented here on appeal is whether the conduct of defendant (summarized below) will support, as a matter of law, this conviction had under Section 37-270, T.C.A.

The defendant, a 49 year old male, lived in Columbia, Tennessee, in a two bed-room house. He was married but living apart from his wife. In October 1962 Marjorie Walton, a 32 year old woman, and her 10 year old daughter, Deborah, took up residence in the home of the defendant. Marjorie Walton was married to a Master Sergeant in the United States Army, who was the father of Deborah. There is testimony in the record of a great deal of drinking, fighting and cursing by the defendant and Marjorie Walton. This conduct was of such nature as to

be heard by the neighbors and generally caused trouble in this neighborhood. At one time Mrs. Walton swore out a warrant against defendant for assault and battery and the neighbors testified to seeing Mrs. Walton bleeding from the back of her head and the little girl crying complaining of her nose hurting. The indictment charges defendant contributed to the delinquency of the minor, Deborah, by living in an adulterous relationship with the mother of said child, one Marjorie Walton, and keeping the child in the same house with himself and Marjorie Walton, drinking and brawling in said house, all in the presence of said minor child.

The part of Section 37-270 T.C.A. pertinent to the issue here is as follows:

"Any adult who shall contribute to or encourage the delinquency of a child whether by aiding or abetting or encouraging the said child in the commission of an act of delinquency or by participating as a principal with the child in an act of delinquency or by aiding the child in concealing an act of delinquency following its commission shall be guilty of a misdemeanor * * *."

The position of defendant is stated by counsel in his brief as follows:

"It is not the insistence of the defendant that it was necessary for the child to be arrested or charged as a delinquent, but is is insisted that there must be some proof of a delinquent act by the child before a conviction could be sustained under T.C.A. Sec. 37-270."

The question presented is whether this statute (T.C.A. sec. 37-270) will support a conviction where the defendant has committed acts which could encourage the delinquency of a child even though, as a result of said acts,

no act of delinquency has been committed by the child and in fact the child is not a delinquent child.

We think this decision will have to turn on whether the word "encourage," as used in this statute is broad enough to include acts, by the defendant, that would tend to cause delinquency, where there is in fact no act of delinquency on the part of the child.

A great number of our sister states have statutes on this subject. Some of these statutes contain such words as "tends to cause" or "tends to render" in speaking of acts contributing to the delinquency of a child. Since these statutes do contain this language it is generally held, under them, there does not have to be a showing of a delinquency. Cases arising under such statutes would not support either the positions of the defendant or the State. The following states have such statutes: (1) Alabama (Code of Ala., Tit. 62, sec. 324); (2) Alaska (AS sec. 11.40.130); (3) Georgia (Ga.Code Annot. sec. 26-6802); (4) Illinois (Ill.Rev.Stats.1963, ch. 23, sec. 2011); (5) Louisiana (LSA-R.S. 14:92 and 14:92.1, the latter being of such nature); (6) Mississippi (Miss.Code 1942 Annot. sec. 7185-13); (7) Missouri (Mo.Rev.Stats. 1959, sec. 559.360, V.A.M.S., amending the prior statute); (8) New Mexico (N.Mex.Stats.1953, sec. 40A-6-3); and (9) Oregon (ORS sec. 167.210).

The States of Ohio and Washington support the position of the defendant. The pertinent parts of the statutes of these states are as follows:

"No person shall abuse a child or aid, abet, induce, cause, encourage, or contribute to the * * * delinquency * * *." Sec. 2151.41 (Ohio);

and

"In all cases where any child shall be a delinquent * * * child * * * the * * * person having custody of such child, or any other person * * * by any act encouraging, causing or contributing to, the delinquency * * * of such child, shall be fined * * *." RCWA 13.04.170 (Washington).

On the point here at issue these two statutes are similar to the Tennessee statute. These statutes, like the Tennessee statute, in speaking of delinquency use the word "encourage" but do not contain such words as "tend to cause." Under these statutes Ohio and Washington hold there has to be the showing of an act of delinquency on the part of the child contributed to by the defendant in order to support a conviction. See *State ex rel. Meng v. Todaro,* 161 Ohio St. 348, 119 N.E.2d 281 (1954), *State v. Kiessling,* 93 Ohio App. 524, 114 N.E.2d 154 (1952), *State v. Griffin,* 93 Ohio App. 299, 106 N.E.2d 668 (1952), *State v. Miclau,* 167 Ohio St. 38, 146 N.E.2d 293 (1957), *State v. Williams,* 73 Wash. 678, 132 P. 415 (1913).

The pertinent parts of the statute on this subject in the State of Oklahoma is as follows:

"Every person who shall knowingly or willfully cause, aid, abet or encourage, a minor to be, to remain, or to become a delinquent child, as defined * * * shall be guilty * * *." 21 O.S. sec. 856.

In the case of *Wallin v. State,* 84 Okl.Cr. 194, 182 P.2d 788 (1947), the defendant was found guilty, under this statute, for exposing his privates to a nine year old girl. This act could well encourage the delinquency of the child but did not, in this case, contribute to an act of delinquency on the part of the child. In determining the

import of the word "encourage" the court was compelled by statute to use the usual meaning of this word and after reciting its definition found in Webster's New International Dictionary said:

"Hence, under the statute, any wilful suggestion, act, or course of conduct on the part of a person, knowingly committed, which would tend to foster, animate, incite, stimulate, embolden, instigate, promote, or tend to advance a child to become a juvenile delinquent, is within the statute. Clearly, the act complained of * * * herein comes within the definition of 'encourage.' " 182 P.2d at 791.

The pertinent parts of the statute on this subject in the State of Arkansas is as follows:

"Any person who shall, by any act, cause, encourage or contribute to the * * * delinquency of a child, as these terms * * * are defined * * * shall be guilty of a misdemeanor * *." (Sec. 45-239, Ark.Stat.1947 Annot.).

Under this statute the Arkansas court in *Williams v. City of Malvern*, 222 Ark. 432, 261 S.W.2d 6 (1953) said:

"(I)t is our conclusion that a defendant may be found guilty of contributing to the delinquency of a minor, under our statute, for acts which directly tend to cause delinquency, whether that condition actually results or not." 261 S.W.2d at 7.

In further support of this position by Arkansas see *Roach v. State*, 222 Ark. 738, 262 S.W.2d 647 (1953).

Although the State of Idaho does not at this time have a statute on contributing to the delinquency of a minor as such, at one time the contrary was true. At least one case arose thereunder apposite to the case at bar, viz.,

*State v. Drury,* 25 Idaho 787, 139 P. 1129 (1914). There two holdings were made by the court, one of which is not relevant here. The other holding was that under the following statute a complaint is sufficient despite the fact that no showing or allegation of actual delinquency is made under the following statute:

> "In all cases where any child shall be a delinquent child * * * as defined * * * any * * * person * * * responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, shall be guilty * * *." 139 P. at 1129.

The subsequent repeal of this statute in no wise diminishes the force of Drury; and since the statute involved in the case at bar is substantially the same as that before the court in Drury, that case is rightfully of some persuasive force upon this Court.

The defendant strongly attacks the use, in our first opinion, of the case of *Commonwealth v. Stroik,* 175 Pa. Super. 10, 102 A.2d 239 (1954) on the ground this opinion is not in point on the issue in the case at bar and only by dictum supports the position of the State. The quote in the Stroik opinion used is as follows:

> "When the charge of contributing to the delinquency of a child or children is made against a party this term is broad enough and may involve a single act or course of conduct, and may be committed in an unlimited variety of ways which tend to produce or encourage or to continue conduct with a child which would amount to delinquent conduct." 205 Tenn. at 639-640, 330 S.W.2d at 5.

It is true the children involved in the Stroik case were found to be delinquent and the acts, upon which Stroik

was convicted, contributed to their delinquency. Such being the case the quote we have used would be dictum in the Stroik case. This quote was first cited by the Court in *Birdsell v. State,* 205 Tenn. 631, 639, 330 S.W.2d 1, 5 (1959) in support of the statement: "the contributing to the delinquency of a child does not have to be or cannot specifically be defined." It is used in this opinion because it describes so well the meaning we attach to T.C.A. sec. 37-270.

The gist of this argument is that the acts of a defendant in relationship to a child, however abominable, will not support a conviction for contributing to the delinquency of a child, unless the cycle is complete, and the acts result in the delinquency of the child. Stated another way, the prosecution will have to wait until the child is delinquent or at least commits an act of delinquency.

Obviously such a result is unwarranted since the statute herein was enacted not only to protect those children already delinquent from becoming more so, but also to *prevent* non-delinquent children from becoming delinquent. Thus, the statute arms the State with a two-edged sword with which to combat acts which "contribute to or encourage the delinquency of a child." See *Wallin v. State,* 182 P.2d at 791-792, and *Williams v. City of Malvern,* 261 S.W.2d at 7.

Clearly the preventive feature of this statute is abolished if guilt can only be established after the child becomes delinquent or commits an act of delinquency.

As the late Mr. Justice Frankfurter observed in *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), a case arising in Tennessee:

"(L)anguage used in criminal statutes should * * * be read with the saving grace of common sense with which other enactments, not cast in technical language, are to be read." 349 U.S. at 83, 75 S.Ct. at 622.

Thus, this Court in determining the legislative intent, very recently held our vagrancy statute was broad enough to support a conviction of a defendant having in his possession some $771.00 at the time of his arrest. *Fonte v. State,* 213 Tenn. 204, 373 S.W.2d 445 (1963). The statute there under consideration provided that:

"It shall be a misdemeanor for any person having no apparent means of subsistence to neglect to apply himself to some honest calling * * *." T.C.A. sec. 39-4701.

■ Just as this Court in Fonte read the vagrancy statute "with the saving grace of common sense" to determine the legislative intent, so too do we now read T.C.A. sec. 37-270 (the statute here before us). Accordingly we hold the statute herein is broad enough to cover acts of a defendant which would encourage a child to become delinquent regardless of whether the child actually performs an act of delinquency or not.

■ The acts of this defendant, in relationship to this child, would certainly contribute to and encourage the child to become delinquent.

Judgment affirmed.