**B. R. DAUGHERTY, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Jan. 4, 1972.

Certiorari Denied by Supreme Court March 20, 1972.

George W. Ridenour, Jr., and James E. Elkins, Clinton, for plaintiff in error.

David M. Pack, Atty. Gen., William B. Hubbard, Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, for defendant in error.

OPINION

RUSSELL, Judge.

A nineteen year old college co-ed, at her rural Anderson County home for summer vacation, was robbed and raped by a young man who assaulted the girl and her mother with a sawed-off shotgun. The mother

was bound, blindfolded and gagged; after which the girl was robbed of a twenty dollar bill, then raped once in the house and a second time on a nearby hilltop. Her assailant released the victim, after cutting a lock of her hair; and then left on foot. The assailant left his shirt in the girl's bedroom, and put on a shirt belonging to the victim's brother.

The crimes were committed in early afternoon. Approximately three hours later the defendant was arrested about three miles away, hiding in weeds and bushes near a river. He was lying on his back with a sawed-off shotgun at his side, and wearing the shirt which the State's witnesses say belonged to the victim's brother.

Immediately after the arrest the victim's mother was summoned to view the defendant in a show-up, and she positively identified him as the perpetrator of the crimes. Subsequently, when the victim returned from a medical examination, she was carried to the jail and viewed and identified the defendant alone in a jail cell.

Objection was made to any evidence of the show-ups. The trial judge conducted a careful evidentiary hearing and determined (1) that the show-up identifications were unconstitutionally conducted and hence inadmissible, (2) that the State failed to show that the victim's mother could now identify the defendant free from any taint from the illegal show-up and so would not be permitted to make an in-court identification, and (3) that the victim could identify the defendant free from any taint from the prior show-up.

■ Error is assigned upon the denial of defendant's motion to have the Court, or the State, conduct a constitutionally proper pre-trial lineup and require the victim to view the defendant, his brother, and others therein. Defendant's counsel can cite no authority in support of this assignment, and we are aware of none.

■ The court's allowing the victim to make her in-court identification, in view of the prior show-up, is assigned as error. The trial court made a finding of fact, well supported by the proof adduced upon the out-of-jury-presence hearing, that the victim's in-court identification had its origin in the drawn-out ordeal endured by this young lady, found to be intelligent and observant, who was in the closest possible contact with her assailant for a considerable time under conditions making correct identification most feasible. We find no error. See Greer v. State, Tenn.Cr.App., 443 S.W.2d 681; and Mitchell v. State, Tenn.Cr.App., 458 S.W.2d 630.

Finally, error is assigned upon the alleged introduction of incompetent evidence. When Daugherty was arrested a knife, shot-gun shells and a twenty dollar bill were taken from his person. Defendant contends that since the arrest warrants possessed by one of the arresting officers did not contain affidavits setting out the factual basis for their issuance that they were void and the arrest illegal, under the doctrine of Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). It is further contended that the objected-to evidence was hence the fruit of an illegal arrest, and inadmissible because illegally searched for and seized.

The trial judge refused to allow an inquiry into what evidence may have been presented in getting the rape and robbery warrants issued.

■ Several reasons exist for holding the assignment to be meritless. We observe that Daugherty was openly and publicly possessing a sawed-off shotgun when found, which alone would have justified his arrest. Secondly, under all of the circumstances the officers had probable cause to believe him guilty of this rape and robbery, so whether the warrant was good or bad is immaterial to the validity of the arrest. Harris v. State, 206 Tenn. 276, 332 S.W.2d 675. Thirdly, Daugherty testified about the knife, shells and money, admitting their possession and giving each an innocent character. Lester v. State, 216

Tenn. 615, 393 S.W.2d 288. Lastly, the other evidence of guilt is so overwhelming that even if error had been committed in the introduction of these items of evidence, it would be harmless error beyond a reasonable doubt. Huffman v. State, Tenn. Cr.App., 458 S.W.2d 29.

We affirm the rape and armed robbery convictions and consecutive ninety-nine (99) year penitentiary sentences. The evidence of guilt is overwhelming, the crimes reprehensible, and no reversible error is reflected in the record.

MITCHELL and DWYER, JJ., concur.