Robert Edward MALLICOAT,
Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 29, 1976.

Certiorari Denied by Supreme Court
June 1, 1976.

Robert L. Tucker and Donald Donati, Legal Clinic, Knoxville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., William L. Waters, Asst. Dist. Atty. Gen., Knoxville, for defendant in error.

O'BRIEN, Judge.

## OPINION

Defendant was convicted of contributing to the delinquency of a minor and sentenced to eleven months and twenty-nine days in the Knox County Penal Farm.

Several assignments of error are made. The State calls to our attention that three of these assignments were not stated in defendant's motion for new trial and, for that reason, may not be raised on appeal, under the authority of *Pruitt v. State,* 3 Tenn.Cr.App. 256, 460 S.W.2d 385. In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Manning v. State,* 500 S.W.2d 913, (Tenn., 1973).

Having examined the assignments, we do not find these matters, assigned as error, to have contributed in any way to a denial of a fair trial to defendant.

The trial court overruled the motion to strike the word "alias" from the indictment on a finding that no criminality applied.

■ Where no proof is offered of use of an alias by an accused it should not be included in an indictment. See *U. S. v. Wilkerson,* 456 F.2d 57 (6th Cir. 1972). Under the circumstances of this case we do not consider it grounds for reversal.

■ Defendant says the trial court erred in failing to strike the comments of State's counsel during closing argument to the effect that the defense could have called a co-defendant to testify. The case of the co-defendant was severed on motion of this defendant. The State declined to call this person as a witness. The comments of the district attorney general in closing argument referred as much to the State's decision to not call the witness as it may have to any inaction by defendant. The tenor of the objection of defense counsel was that he wanted the jury instructed in accordance with the American Bar Association Standards for Criminal Justice relating to Standards on Defense Functions, Sec. 7.6(c). This section applies generally to the examination of witnesses and we think his honor would have been in error to instruct the jury that defense counsel was precluded from calling the co-defendant to testify under the aegis of these standards. Defendant says it was error to deny a requested special instruction. This issue was not raised on motion for new trial. Neither the special instruction nor the trial court's general charge to the jury have been included in the Bill of Exception.

Defendant says it was error for the trial court to refuse to designate the co-defendant in this case as a hostile witness or in the alternative to call her as a court's witness.

It was argued for defendant that he was denied the right of confrontation because the testimony of this witness could have been extremely adverse to him, therefor, she should have been declared a hostile witness or a court's witness so that under the law he would not be required to vouch for her credibility, or be prevented from impeaching her testimony.

■ The trial court declined to take the action requested in the absence of some showing of hostility. This decision was correct. Defendant is entitled to a fair trial, however, this does not mean he is entitled in the first instance to refuse to put on a witness and in the second, have the benefit of error, because of the unavailability of her testimony. The complaint that the witness could not be impeached is not well taken. See *Mays v. State,* 495 S.W.2d 833, (Tenn.Cr.App.1972). The assignments are overruled.

Defendant cites error on denial of a motion for judgment of acquittal at the close of the State's proof on the theory that the State failed to prove the elements of the crime.

■ We are satisfied that the evidence was sufficient to take the case to the jury. *Lavvorn v. State,* 215 Tenn. 659, 389 S.W.2d 252; *Birdsell v. State,* 205 Tenn. 631, 330 S.W.2d 1. This court will not interfere with the discretionary authority of a trial judge in respect to whether evidence is sufficient to warrant conviction unless a clear abuse of that discretion can be found on review. *Carmon v. State,* 512 S.W.2d 595 (Tenn.Cr.App.1974).

■ Defendant says the trial court should not have limited the admission of defense evidence which was relevant to negate criminal intent.

Defendant called his sister who testified she had known the co-defendant for six years. At this point the State objected to the relevancy of her acquaintance with the co-defendant. The issue was argued out of the presence of the jury. Defendant's argument seems to be he was entitled to show the relationship between his co-defendant and him over the previous six years prior to his arrest, for the purpose of showing his state of mind when he, according to the evidence, was endeavoring to induce a seventeen year old girl to pose for photographs in the nude. The defense examination of the witness was limited to events immediately preceding his arrest. The defendant himself testified that on the day prior to the date the offense occurred, his co-defendant contacted him and asked him to

take some photographs for her, saying if he refused some harm might come to his minor daughter and son. He kept the rendezvous for the purpose of protecting his family. He feared his co-defendant because she had been harassing him for six years.

Defendant's contentions are not in accord with the law on the subject. Authorities on the issue are sparse in this State, however, the statement made in *Leach v. State,* 99 Tenn. 584, 42 S.W. 195 (1897) is more adequately pointed out in the general texts on the subject. In 21 Am.Jur.2d, Criminal Law, Sec. 100, it is stated in this way:

"Though coercion does not excuse taking the life of an innocent person, it does excuse most, if not all, other offenses. In order to constitute a defense, the coercion or duress must be present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. Apprehension of loss of property, or of slight or remote personal injury, is no excuse. Furthermore, the danger must be continuous throughout the time when the act is being committed and must be one from which the defendant cannot withdraw in safety. The doctrine of coercion or duress cannot be invoked as an excuse by one who had a reasonable opportunity to avoid doing the act without undue exposure to death or serious bodily harm. And threat or fear of future injury is not sufficient."

An almost identical statement is found in 22 C.J.S. Criminal Law, § 44:

"While the rule has no application in the case of homicide, and compulsion cannot excuse taking the life of an innocent man . . . in general an act which would otherwise constitute a crime may be excused on the ground that it was done under compulsion or duress, since the necessary ingredient of intention . . . is then lacking.

The compulsion or coercion which will excuse the commission of a criminal act must be present, imminent, and impending, and of such a nature as to induce a well grounded apprehension of death or serious bodily harm if the act is not done; it must be continuous, and there must be no reasonable opportunity to escape the compulsion without committing the crime. A threat of future injury is not enough, particularly after danger from the threat has passed. . . ."

The complaint cannot be sustained that introduction of mitigating evidence relevant to sentencing should have been allowed

It is argued that defendant should have been allowed to introduce evidence on the pattern of harassment by his co-defendant. We have heretofore discussed this issue fully and found it to be without merit. Defendant included in his motion for new trial an application for a post trial hearing to consider pronouncement of judgment and sentence. He contends the trial court may modify the initial judgment of the jury under the provisions of T.C.A. Sec. 40–2701. There is nothing to be found in this statute to support this view. He further says the trial judge did not comply with the prayer made in a motion for probation and thus precluded the introduction of mitigating evidence relevant to sentencing which constituted a denial of the due process right to be heard.

T.C.A. Sec. 40–2904, cited by defendant, places the power of suspension and probation within the discretionary authority of the trial judge. The technical record discloses that an application for probation was heard, and denied because defendant was found not qualified for probation. The discretionary authority of the trial judge to grant or deny parole is subject to review in the appellate courts. *Stiller v. State,* 516 S.W.2d 617, (Tenn.1975), however we find nothing in this record to indicate any abuse of discretion on the part of the trial judge in denying probation. The assignment is overruled.

The judgment of the trial court is affirmed.

RUSSELL and DWYER, JJ., concur.