Darnell BANKS, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

June 16, 1977.

Certiorari Denied by Supreme Court
Sept. 26, 1977.

Edwin C. Lenow, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Wil-

liam E. Frulla, Joe B. Dailey, Asst. Attys. Gen., Memphis, for appellee.

## OPINION

RUSSELL, Judge.

Darnell Banks appeals his conviction for rape. Sentence was set at twenty years in the penitentiary. A total of eighteen errors have been assigned. A careful review of the record leads to our judgment that no reversible error was committed.

■ Five assignments of error question the legal sufficiency of the convicting evidence. The rape victim positively identified Banks as the man who broke into her apartment by way of the bedroom window at approximately 5:30 A. M. on September 13, 1975. She identified him at a line-up, and also in-court during the trial, and testified that her in-court identification was based upon her recollection of the man during the time of the rape, uninfluenced by her later view of him in the line-up. Her testimony was accredited by the jury, and sufficiently makes out the State's case. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

Error is assigned upon the refusal of the trial judge to strike "alias Johnny Banks" from the indictment. The State attempted to prove that Banks had used the alias when talking with the police about another offense. Banks denied that he had ever used the alias, and suggested that the police must have misunderstood him.

■ We recognize the rule that where there is no proof of the use of an alias by an accused no alias should be set out upon the indictment. *Mallicoat v. State*, 539 S.W.2d 54 (Tenn.Cr.App.1976). Here, apparently the State made a good faith effort to prove the use of an alias and we hold any such error in this case to be harmless. See *Mallicoat v. State*, supra.

■ Banks questions the admissibility of the in-court identification by the victim, on the ground that it was tainted by the prior line-up. First, we hold that the evidence does *not* preponderate against the finding that the in-court identification was based upon the victim's view of the rapist at the time of the crime. That being so it is not required for admitting the in-court identification that the line-up be free of suggestiveness. *Daugherty v. State*, 478 S.W.2d 921 (Tenn.Cr.App.1972). Secondly, the line-up identification was definite enough to be proper and admissible into evidence. Our Supreme Court set out criteria on this question in the recent case of *Rippy v. State*, 550 S.W.2d 636, filed May 2, 1977. This rape victim (1) had ample opportunity to get a close look at the rapist, (2) her description of the rapist given prior to the line-up was similar to his general description, (3) no other person or activity was present to distract her attention, (4) the line-up identification was certain and unequivocal, and (5) the line-up was conducted less than two weeks after the crime. The assignment is overruled.

■ Three assignments of error relate to evidence of a burglary which occurred in the same apartment complex three days prior to the rape in issue. The appellant allegedly committed this prior offense, but at the time of this trial he had not been indicted on that charge. Banks contends that under his pretrial discovery motion in this case that he is entitled to the fingerprint report from the burglarized premises, and to the police report containing the statements of eyewitnesses to that prior burglary. He also contends that testimony on the fingerprint analysis done in the burglary case should have been admitted to impeach the incriminating identification testimony of the eyewitness to the burglary. The appellant has raised no question as to the admissibility of this evidence of another crime, but wants the records and testimony admitted. He bases his demand for the fingerprint and full police reports upon the holding in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), a case which forbids the prosecuting authority from suppressing exculpatory evidence. Here, Banks apparently knew about the records and their contents; and it further appears that the State did not have the records in its possession. We find no *Brady* violation here.

■ The third complaint relative to evidence of the prior burglary is that the evidence that fingerprints found at the burglarized apartment were not those of the appellant should have been admitted, upon the theory that such evidence impeached the testimony of the eyewitness who identified Banks. We hold that the trial judge did not abuse his discretion in this instance, because there was no evidence that the fingerprints were lifted from objects which the burglar touched. The evidence was not probative of the proposition for which it was offered. It was therefore irrelevant, and hence inadmissible, as the trial court correctly ruled.

■ The next alleged error is based upon a remark made by the prosecuting attorney in his closing jury argument, wherein he asked the jury if they thought the defendant would be sitting on the second row in the courtroom if he had passed the polygraph test (alluded to during the course of the trial, as hereinafter set out). The argument was objected to, the objection sustained, and the jury instructed not to consider the statement. The issue of the polygraph test was first opened by the defendant, who introduced evidence that the defendant took the test voluntarily. The polygraph results would have been admitted into evidence, but the State was unable to locate the person who administered the test to testify as to the results. Bank's evidence that he had voluntarily taken a polygraph test probably left the impression with the jury that he had passed it. The State was apparently unable, at that time, to get the witness who could say that Banks failed the test, it being certainly unexpected that this normally incompetent proof would be needed. The frustration generated by this situation probably brought about the prosecuting attorney's improper argument. In view of the entire record, including the prompt curative instructions, we hold that the argument does not require reversal. See *Judge v. State*, 539 S.W.2d 340 (Tenn.Cr.App.1976).

We cannot overrule a long line of Supreme Court cases by holding that the alibi instruction given to this jury was improper.

*Bolin v. State*, 219 Tenn. 4, 405 S.W.2d 768 (1966).

■ It is contended that the judge's charge on setting the sentence was inherently misleading. The charge was that upon a finding of guilt of rape, the jury should sentence him to "imprisonment for life in the penitentiary or for a period of time not less than ten years". The jury first returned a verdict setting the sentence at twenty to forty years. The judge again explained the determinate sentencing for rape, and the jury retired and subsequently returned a verdict setting the sentence at twenty years. The assignment is without merit.

■ The appellant contends that the court erred by failing to grant him a copy of the trial transcript prior to his motion for a new trial. He cites neither law nor fact in his brief, and makes no showing of how this alleged error prejudiced him upon appeal. We overrule the assignment. *Rockett v. State*, 475 S.W.2d 561 (Tenn.Cr. App.1975); Tennessee Supreme Court Rule 15.

■ Likewise without merit is the assignment of error based upon the allowance of twenty-eight days, rather than thirty, for the filing of the motion for a new trial. No prejudice is made to appear.

■ The complaint that a witness was permitted to testify as to statements made by the rape victim immediately after the crime is patently without merit, under long established law permitting the introduction of such hearsay. *Phillips v. State*, 28 Tenn. 246 (1848).

■ The final contention is that the appellant was entitled to slides or samples of the sperm for his experts to examine and determine the assailant's blood type. This evidence was not shown to be in the possession of the State, nor was it introduced upon the trial. The rule of *State v. Gaddis*, 530 S.W.2d 64 (Tenn.1975) does not apply in that context.

Affirmed.

GALBREATH and DAUGHTREY, JJ., concur.