### STATE v AUGHINBAUGH

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 3, 1938

A. C. L. Barthelmeh, Prosecuting Attorney, Canton, and A. L. Helling, Assistant Prosecuting Attorney, for plaintiff-appellee.

A. H. Elliott, Canton, for defendant-appellant.

### OPINION

By LEMERT, J.

The defendant, Paul Aughinbaugh, was indicted by a grand jury of Stark County for the crime of procuring signature under false pretenses. The indictment charged that on or about the 27th day of January, 1933, the defendant did unlawfully, falsely, and fraudulently procure the signature of one D. J. Lantz, as endorser on a certain promissory note of the value of $1,586.32 by means of false pretense in that he, the said Paul Aughinbaugh, on said date did falsely pretend to the said D. J. Lantz, the said Paul Aughinbaugh having

possession of said note, that one, Charles Sommer had sold said note, he, the said Paul Aughinbaugh intending then and thereby to cheat and defraud the said D. J. Lantz, when in truth and in fact the said Charles E. Sommer had not sold said note, had never had the same in his possession, nor did he, the said Charles E. Sommer, ever have any knowledge of the existence of said note or that he the said Charles E. Sommer, had any interest or title therein, and that the said Paul Aughinbaugh at the time ·he so falsely pretended as aforesaid well knowing the said false pretense to be false.

To this indictment a motion to quash was filed which said motion was overruled. Thereafter, the state, upon direction of the court, filed a bill of particulars which the court held was sufficient. Thereafter, the court overruled a demurrer to the indictment and the case proceeded to trial before the court, a jury trial having been waived by the defendant.

The indictment in this case was drawn under §13104, GC, which provides in part as follows:

"Whoever, by false pretense and with intent to defraud, * * * procures the signature of another as maker, indorser or guarantor to a bond, bill, receipt, promissory note, draft, check, or other evidence of indebtedness, * * * if the value of the property or instruments so procured, or bartered, or disposed of, or offered to be sold, bartered or disposed of is $35 or more shall be imprisoned, etc."

The appellant in this case seeks a reversal upon two grounds: (1) That the indictment does not charge a crime. (2) That the evidence does not establish that the act of obtaining Lantz's signature by false pretense was criminal.

A careful reading of this indictment discloses that there are sufficient allegations as to each and every material element of this crime. It appears from the indictment that the defendant unlawfully and fraudulently did procure the signature of one, D. J. Lantz, as indorser, upon a certain promissory note by means of a false pretense. This pretense is alleged in the indictment to be the statement by the defendant that one, Charles E. Sommer had sold the said note. It is further alleged that this false pretense was made by the defendant with intent to defraud. The indictment further sets forth that this pretense was false in

fact; that Charles E. Sommer had never sold the note and that the defendant knew that it was false.

Sec 13437-4 GC provides:
"In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statements may be made in ordinary and concise language without any technical averments, or any allegations not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged."

From an examination of §13104, GC, it is clear that there are three types of crime charged.
1. Whoever by false pretenses, etc., obtains anything of value.
2. Whoever, by false pretenses, etc., procures the signature of another as maker; indorser or guarantor to a bond, bill, receipt, promissory note, draft, check, or other evidence of indebtedness, and
3. Whoever sells, barters and disposes of a bond, bill, receipt, promissory note, draft, or check or offers so to do, knowing the signature of the maker, indorser or guarantor thereof to have been obtained by false pretense. .

The indictment in this case was drawn under the second provision of this statute.

The record in this case discloses and it shows that it is admitted by the defendant that the signature of Lantz, as endorser and guarantor was by him procured. The record shows that it was definitely established by the state that in order to procure the signature of Lantz to the note, the defendant represented to him that Sommer had sold the note. It was further established that Lantz believed the statement that Sommer had sold the note and acted thereon. The state also established that the note had not in fact been sold by Sommer, nor had he authorized the sale thereof. Sommer was not even aware of its existence. In fact, the defendant, Aughinbaugh admitted that Sommer had not sold the note and that Sommer knew nothing about it.

The essential elements of the crime under §13104, GC, are well defined in the case of State v Joseph, 115 Oh St 127.

Under the indictment in the instant

case, it was not incumbent upon the state to prove an intent to defraud any specific individual. §13437-18, GC, provides:

"It shall be sufficient in an indictment or information where it is necessary to allege an intent to defraud, to allege that the accused did the act with intent to defraud without alleging an intent to defraud a particular person or corporation. On the trial of such an indictment or information an intent to defraud a particular person need not be proved, and it shall be sufficient to prove that the accused did the act charged with intent to defraud."

The record in this case discloses a situation whereby both Sommer and Lantz were in fact defrauded. Sommer testifies that he told Aughinbaugh that he was content to deal "property for property." Mr. Lantz testified that he, too, was content to deal upon the same basis. The defendant so engineered the transaction that at no time did the two principals meet. He goes to Sommer and procures Sommer's signature to a contract and after the procurement of this signature, according to the state's evidence, Aughinbaugh writes into the contract a provision relating to the note and mortgage in question. Mr. Sommer was very definite and positive that this written statement was not in the contract which he signed at the time of its execution. Aughinbaugh then goes to Lantz and advises him that Sommer had said that he would not deal unless there was some additional consideration, this, of course, being a falsehood. It was by means of this falsehood that Aughinbaugh induced Lantz to agree to deliver to him the note and mortgage, and of course, Aughinbaugh never intended that this note or mortgage should ever find its way into the hands of Sommer. So that at this stage of the proceedings we find the note and mortgage in the possession of Aughinbaugh, the same having been obtained by him in a false and fraudulent manner.

It is contended by the appellant that Lantz was not damaged. We, however, note that the crime charged in this case is not of obtaining something of value by means of false pretense, but rather the procurement of a signature by means of false pretense and that in order to establish this crime it is not necessary for the state to establish any loss or damage to the signer. It is, therefore, the act of fraudulent procurement of a signature that is made a crime. This construction of the statute has been announced by the Court of Appeals of New York in the case of People v Genung, 11 Wendell 19, in which case the court had before it a statute identical with ours. In that case, the court said:

'In an indictment under the statute for obtaining by false pretenses the signature of a person to a written instrument, it is not necessary to charge loss or prejudice to have been sustained by the prosecutor; the offense is complete when the signature is obtained by false pretenses with intent to cheat or defraud; and is not essential that actual loss or injury should be sustained."

Counsel for the appellant makes the contention that the false pretense must relate to a past event or an existing fact. The false pretense charge in the indictment in this case is a statement made by the defendant to Lantz that Sommer had sold the note. This statement, of course, relates to a past event. Its truth or falsity was to be determined by whether or not Sommer had in fact sold the note. Therefore, there can be no question upon the record in this case about this false pretense relating to an existing fact or a past event.

A reading of the record in the instant case convinces us that each and every essential element of the crime charged has been proven by the state, and that this defendant was ably defended, the case was fairly and impartially tried, and the crime of the defendant was established beyond a reasonable doubt.

It, therefore, follows that the finding and judgment of the court below will be and the same is hereby affirmed.

MONTGOMERY, PJ, and SHERICK, J, concur.