MAYNARD, JR., *v.* THE STATE OF OHIO ET AL.

(No. 1092—Decided October 15, 1958.)

*Mr. Joseph Maynard, Jr., in propria persona.*
*Mr. William Saxbe,* attorney general, for respondents.

GUERNSEY, J. Petitioner entered a plea of guilty, was convicted and sentenced pursuant to an "indictment" for the crime of forgery, and now seeks his release on a writ of habeas corpus on the ground, among others, that the indictment did not include the allegation that the forgery was with intent to defraud.

As early as 1869 it was established by the Supreme Court of Ohio in the case of *Drake* v. *State,* 19 Ohio St., 211, and it is still the law, that:

"2. An intent to prejudice, damage, or defraud is an essential ingredient in the crime of forgery; and an indictment for

that crime must, therefore, charge such intent directly and specifically * * *''

Our existing statute defining forgery, Section 2913.01, Revised Code, provides in part:

"No person, *with intent to defraud,* shall falsely make, alter, forge," etc. (Emphasis added.)

In the case of *State* v. *Huffman,* 131 Ohio St., 27, 1 N. E. (2d), 313, the Supreme Court held:

"1. We have no common-law crimes in Ohio; neither do we have common-law criminal procedure. Consequently, if a statute defining an offense in Ohio provides that it must be committed with a particular intent, such intent becomes a material element of the offense and must be alleged in the indictment and proved on the trial. * * *''

The omission of a material element of the offense from the indictment herein was fatal to the validity of the indictment, for it thereby failed to allege any criminal offense whatsoever. Nor could this defect be corrected or alleviated by virtue of the curative provisions of the Code pertaining to indictments. *State* v. *Cimpritz,* 158 Ohio St., 490, 110 N. E. (2d), 416. This fatal defect was likewise not cured or waived by reason of petitioner's plea of guilty. The indictment not charging a criminal offense, the plea of guilty directed to it was not an acknowledgment of guilt of a criminal offense and could not and did not give legal effect to something already fatally defective.

No offense being charged, the trial court did not have jurisdiction to convict and sentence the petitioner. Petitioner, being unlawfully restrained of his liberty, is entitled to be released from the custody of the respondent.

*Petitioner discharged from custody.*

Middleton, P. J., and Younger, J., concur.