THE STATE OF OHIO, APPELLEE, *v.* SIMMANS, APPELLANT.

[Cite as State v. Simmans, 18 Ohio App. 2d 143.]

(No. 6434—Decided May 14, 1969.)

*Mr. Lowell S. Petersen,* prosecuting attorney, for appellee.

*Mr. Kent R. Minshall,* for appellant.

POTTER, J. The defendant, appellant herein, Edward Simmans, hereinafter referred to as defendant, was indicted and convicted for a violation of Section 2911.01, Revised Code. Defendant was, at the time charged in the indictment, the Safety Service Director of Port Clinton. The first count of the indictment reads as follows:

"The jurors of the grand jury of said county, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Edward N. Simmans late of said County, on or about the 14th day of November in the year of our Lord one thousand nine hundred and sixty-four at the County of Ottawa aforesaid, did, by false pretense and with intent to defraud, procure the signature of another as maker to a check, the value of said instrument being $60.00 or more, to-wit: did as Safety Service Director of the City of Port Clinton present to the City Audi-

tor of the City of Port Clinton a voucher for the payment of a non-existent and fictitious debt which he then and there pretended to be a valid debt and represented as being owed by the City of Port Clinton to Erie Water Supply Co., together with a false and fictitious invoice of said company, and thereby procured the signature of said City Auditor to a check in the amount of $710.50 payable to Erie Water Supply Co., knowing said voucher, invoice and debt to be fictitious and false. Contrary to Section 2911.01 of the Revised Code of Ohio, and against the peace and dignity of the State of Ohio.''

The second, third and fourth counts of the indictment are identical to the first count except for the dates and the amounts of the checks.

There was no objection to the indictment prior to or after trial. A plea of not guilty was entered to the indictment. A motion for change of venue was granted, and the cause was transferred from the Ottawa County Common Pleas Court to the Court of Common Pleas of Lucas County where the defendant was tried. A verdict of guilty was returned by the jury, and a motion for a new trial was overruled. Thereafter, an appeal was taken to this court. Defendant has had three attorneys, one for the trial, one who perfected the appeal, and the attorney who now represents him in this appeal. Before proceeding on the assignments of error, a motion in arrest of judgment and brief was filed in this court by the defendant, contending the original indictment was defective in substance under authority of *Kennedy* v. *State*, 34 Ohio St. 310, and that by reason thereof, this court had no jurisdiction over the person of the defendant. This motion was overruled by this court on the grounds that the motion in arrest of judgment was not filed within the time provided by Section 2947.03, Revised Code, and, further, that the subject matter set forth in the motion could be raised in the appeal. Motion for leave to appeal was taken by defendant to the Supreme Court of Ohio, which motion was denied. Assignments of error were then filed in the Court of Appeals. The assignments of error are, as follows:

1. The judgment of the court is contrary to law.

2. The judgment is against the manifest weight and without sufficiency of evidence beyond a reasonable doubt.

The cornerstone of defendant's appeal is the case of *Kennedy* v. *State*, 34 Ohio St. 310. The facts and holding are found in paragraph one of the syllabus as follows:

"An indictment contains the averment that an order issued by the county auditor on the county treasurer, in favor of A., was presented to the treasurer by B., and that by reason of B.'s false pretense that the order was properly issued on a valid claim, and that he (B.) was authorized to receive payment, the treasurer paid the order by delivering to B. a check. *Held*, 1. That this is not a sufficient averment, under the crimes act, chapter 11, section 7, first clause (70 Ohio L. 289), that B. *obtained* the check by false pretenses. 2. The alleged facts, coupled with the further averment that by said false pretenses B. procured the treasurer's signature to the check, as maker, with intent to defraud, does not constitute the offense of procuring another's signature by false pretense, within the meaning of the second clause of the section."

Defendant asserts that the indictment was defective in substance and that this issue has not as yet been determined by a court on its merits.

It is fundamental that there are no common-law crimes in Ohio, and that an indictment returned by a grand jury must state an indictable offense under the laws of the state of Ohio.

Section 2911.01, Revised Code, reads, in part, as follows:

"No person shall, by false pretense and with intent to defraud, obtain anything of value or procure the signature of another as maker, indorser, or guarantor to a bond, bill, receipt, promissory note, draft, check, or other evidence of indebtedness or sell, barter, or dispose of a bond, bill, receipt, promissory note, draft, or check or offer to do so, knowing the signature of the maker, indorser, or guarantor thereof, to have been obtained by false pretense."

The statute provides for three distinct classes of crime, (1) the obtaining from another anything of value by means of false pretense with intent to defraud, (2) procuring the signature of any person to a check or like instrument by false pretense with intent to defraud and (3) selling or disposing or offering to sell or dispose of such an instrument, knowing the signature thereto to have been fraudulently obtained. See *Tarbox* v. *State,* 38 Ohio St. 581; *Coblentz* v. *State,* 84 Ohio St. 235.

It was under the second branch of the statute that defendant was indicted. The indictment was in the language of the statute, except for that portion following the words "to-wit," which specified the alleged criminal act. It is contended that an indictment need only follow the words of the statute to be sufficient. We are cognizant of the provisions of Section 2941.05, Revised Code; however, where the statute has been judicially interpreted the indictment is not necessarily sufficient if it is in the words of the statute alone. See *State* v. *Ross,* 12 Ohio St. 2d. 37. An indictment which does not charge an offense under the law cannot be cured or waived. *State* v. *Holbrook,* 95 Ohio App. 526; *Maynard* v. *State,* 108 Ohio App. 191; 28 Ohio Jurisprudence 2d. 509, Indictment and Information, Section 90. This defect may be presented in a review proceeding to reverse the judgment, even though a demurrer or motion has not been filed in the lower court.

This court is also aware of the remedial sections found in Chapter 2941 of the Revised Code. These sections cannot make a good indictment out of one which states no offense. See *State* v. *Cimpritz,* 158 Ohio St. 490, and *State* v. *Wozniak,* 172 Ohio St. 517, citing Section 10, Article I of the Constitution of Ohio.

As was said in *State* v. *Presler,* 112 Ohio App. 437, the fact that the defendant entered a plea did not bestow jurisdiction on the trial court, for the defendant's plea, "* * * in legal effect, was 'not guilty' of 'nothing.' "

With this background, we now proceed to evaluate the several opinions of the Ohio Supreme Court concerning this or similar sections of the criminal code. The facts

of *Kennedy* v. *State,* 34 Ohio St. 310, are very similar to those of the instant case and have been set out in the syllabus previously quoted. The court in that case states in the opinion, at page 315, that the pleader did not attempt to charge the offense of obtaining a check by false pretense, but the offense of procuring a signature defined in the second clause of the section. The court points out that the signature to the check was an incident of and not the end in fact sought or to which the pretenses related, and, hence, the offense charged is not the one inhibited by the statute. That case has also been referred to in *Tarbox* v. *State,* 38 Ohio St. 581; and the court in that case, at page 583, further illuminates the decision in the *Kennedy case* by the following statement:

"* * * The provision of the section concerning the procuring a signature was intended to cover an entirely different class of offenses; a good illustration of which would be the case of one who should present to another, with a request that he should sign it, a paper falsely represented to be a certificate of character, a subscription paper, or the like, whereas the paper is, in reality, a promissory note or check, or bill of sale."

See, also, *Coblentz* v. *State,* 84 Ohio St. 235, citing both *Tarbox* v. *State,* 38 Ohio St. 581, and *Kennedy* v. *State,* 34 Ohio St. 310.

The gravamen of the crime charged under the second branch of Section 2911.01, Revised Code, is that the false pretense must pertain to the instrument being signed. This was set forth in the *Kennedy case,* and more particularly illustrated in the *Tarbox* and *Coblentz cases.* In the case at bar the false pretenses related to the vouchers and fictitious debts. The Ohio position is well stated in 141 A. L. R. 228, and is as follows:

"It has been held in Ohio that the statute making it a crime to obtain the signature of any person to a written instrument by false pretenses is confined to the situation where there is a false pretense as to the nature of the instrument being signed, and is inapplicable where the pretense is with respect to the occasion or reason for sign-

ing an instrument the nature of which is known to the person signing the same. * * *"

The Ohio rule may not be the majority rule; however, it has been followed by the Supreme Court and by appellate courts with the possible exception of the case of *State* v. *Aughinbaugh*, 26 Ohio Law Abs. 428. It has been noted that the court in that case did not refer to the previous Ohio decisions on the subject. Even though there has been some passage of time since the *Kennedy* decision, this court is obligated to follow a decision of the Ohio Supreme Court, which is squarely on point. *State* v. *White*, 9 Ohio App. 2d. 271. Further, the criminal code of Ohio is not wanting in statutes applicable to the fact situation as related in this case.

Where an indictment does not charge an offense under Ohio law, a trial and conviction does not bar another prosecution and the defendant has not been placed in jeopardy. See *Hogue* v. *State*, 3 C. C. (N. S.) 315, 23 C. C. 567; 15 Ohio Jurisprudence 2d 447, Criminal Law, Section 264.

The indictment charging no offense, the conviction and sentence are invalid and held for naught. The judgment is reversed at costs of plaintiff, appellee herein, and the defendant is ordered discharged. The cause is remanded to the Common Pleas Court for execution for costs.

*Judgment reversed.*

BROWN, P. J., concurs.

STRAUB, J., dissenting. I cannot agree that the indictment did not charge this defendant with an offense. The indictment was drawn in the exact language of Section 2911.01, Revised Code. Every essential element of the offense was set out in the exact words of the statute in all four counts. The defendant did not question or attack the sufficiency or validity of the indictment in the trial court at any time—before or after verdict. The defendant is, therefore, estopped on appeal to object to or attack the sufficiency of the indictment after having failed to sea-

sonably object to or attack the indictment in the trial court. See the following sections of the Revised Code: 2941.-29, 2941.30, 2941.54, 2941.55, 2941.57, 2941.58 and 2941.59. See *State* v. *Garlos,* 170 Ohio St. 471; *State* v. *Wozniak,* 172 Ohio St. 517—dicta in opinion on page 523.

Considering the guilt of this defendant on all four counts by evidence beyond any reasonable doubt, it is a travesty to now discharge him on legal fiction.